# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 02-1506

MARCELLUS S. HARTMAN,                            APPELLANT,

    V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                 APPELLEE.

Before STEINBERG, GREENE, and HAGEL, *Judges*.

## O R D E R

The appellant, through counsel, seeks review of a February 14, 2002, Board of Veterans' Appeals (Board) decision that denied an effective date earlier than April 15, 1999, for the award of Department of Veterans Affairs (VA) service connection for his post-traumatic stress disorder. Thereafter, the parties filed briefs. In a single-judge order dated August 18, 2003, the Court ordered vacated the February 2002 Board decision and remanded the matter of an earlier effective date (EED); the Court concluded that the Board had failed to comply with the notice provisions of 38 U.S.C. § 5103(a), as amended by the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, § 3(a), 114 Stat. 2096, 2096-97. *Hartman v. Principi*, No. 02-1506, 2003 WL 21981584 (Vet. App. Aug. 18, 2003).

The Secretary appealed to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), and the Federal Circuit vacated this Court's decision and remanded the matter for further proceedings consistent with its opinion in *Conway v. Principi*, 353 F.3d 1369 (Fed. Cir. 2004), which held that this Court is required to "'take due account of the rule of prejudicial error' in all cases addressing the notice requirements in section 5103(a)", *id.* at 1375. *Hartman v. Principi*, No. 04-7035, 2004 WL 1178279 (Fed. Cir. May 7, 2004). On July 22, 2004, in a single-judge order, this Court vacated the February 2002 Board decision and remanded the matter for readjudication in compliance with the notice provisions of section 5103(a). *Hartman*, No. 02-1506, 2004 WL 1657540 (Vet. App. July 22, 2004).

On August 12, 2004, the Secretary, pursuant to Rule 35(b) of the Court's Rules of Practice and Procedure, filed a timely motion for reconsideration or, in the alternative, for a panel decision. On September 14, 2004, the single judge denied the motion for reconsideration and referred to this panel for disposition the alternative motion for a panel decision. The Secretary contends that the issue whether the notice provisions of section 5103(a) apply to a "downstream" issue raised in an appeal to the Board from an RO decision making an initial award of service connection involves a legal question of first impression for the Court. Motion at 2. The Secretary notes that the only case in which the Court had addressed this question was in its opinion in *Huston v. Principi*, 17 Vet.App.

195 (2003), which was subsequently vacated by the Federal Circuit, *Huston v. Principi*, No. 04-7008, 2004 WL 1178253 (Fed. Cir. May 7, 2004). The Court notes that, after remand from the Federal Circuit, the Court there ultimately dismissed the appeal as to the claim that had raised that question and that the question is thus no longer at issue in *Huston*. Accordingly, the Court here will grant the Secretary's motion for a panel decision.

In light of the Federal Circuit's remand here and in the interest of receiving fully developed arguments, the Court is in need of supplemental briefing, on an expedited basis, from the parties on the following questions regarding this EED matter:

1. Do the notice provisions of 38 U.S.C. § 5103(a) apply to a "downstream" issue (that is, the initial rating assigned or, as here, the effective date assigned) raised in an appeal to the Board from an RO decision making an initial award of service connection – i.e., where the service-connection claim has already been "substantiate[d]"?

2. Assuming, arguendo, that the section 5103(a) notice provisions apply to the EED matter, has VA complied with those provisions? If not, was the appellant prejudiced by VA noncompliance in this case, *see* 38 U.S.C. § 7261(b)(2) (directing the Court to "take due account of the rule of prejudicial error"), and which party carries the burden regarding prejudicial error?

On consideration of the foregoing, it is

ORDERED that the motion for a panel decision is granted. It is further

ORDERED that, not later than 14 days after the date of this order, the Secretary file, and serve on the appellant (and any amicus curiae who has filed a notice of intention to file a supplemental brief), a supplemental brief addressing (1) the action that the Court should take in light of the Federal Circuit's remand and (2) the specific questions presented in the preceding paragraph. It is further

ORDERED that, not later than 21 days after service of the Secretary's supplemental brief, the appellant file, and serve on the Secretary (and any amicus curiae who has filed a notice of intention to file a supplemental brief), a supplemental response. It is further

ORDERED that any interested amicus curiae may file a supplemental brief within the time afforded to the appellant and, if so, shall serve that pleading on the appellant and the Secretary.

The Court does not contemplate granting any extension of the foregoing supplemental briefing schedule. Upon completion of briefing, the Court anticipates that it will schedule oral argument.

DATED: October 19, 2004                    PER CURIAM.