NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-7146

JACOB P. MCQUEEN, JR.,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  November 10, 2005

_____

Before NEWMAN, RADER, and DYK, <u>Circuit Judges</u>.

RADER, <u>Circuit Judge</u>.

The United States Court of Appeals for Veterans Claims (Veterans Court) denied Jacob P. McQueen's petition for a writ of mandamus that the Department of Veterans Affairs (VA) did not comply with the Veterans Court's August 21, 2003 remand order.  <u>McQueen v. Principi</u>, No. 04-2149 (CAVC Jan. 18, 2005) (<u>Veterans Court Decision</u>).  The Veterans Court determined that Mr. McQueen "has failed to establish that issuance of a writ is needed to avoid the kind of injury (delay) for which extraordinary relief is designed, nor has he shown a clear and indisputable right to the writ, or alleged that his administrative remedies have been exhausted."  <u>Id.</u>, slip op. at 2.  Without any reversible error on the record, this court <u>affirms</u>.

<u>Background</u>

Mr. McQueen served in the Navy from August 26, 1986 until January 30, 1992. Mr. McQueen later filed an application for benefits for service connected carpal tunnel syndrome and reflex sympathetic dystrophy. The VA and Board of Veterans Appeals (Board) concluded that a March 2002 VA neurological examination report demonstrated Mr. McQueen was not entitled to the requested benefits. While Mr. McQueen's case was before the Veterans Court, Mr. McQueen and the VA filed a joint motion for remand back to the Board. <u>Id.</u>, slip op. at 1. On August 21, 2003, the Veterans Court granted the joint motion, and remanded. <u>Id.</u> The Board, in turn, subsequently remanded Mr. McQueen's claim back to the VA for reconsideration. A regional office of the VA thereafter denied Mr. McQueen's claim in a November 2004 decision.

Rather than challenge the regional office's determination within the VA or file an appeal with the Board, Mr. McQueen instead filed a petition for contempt of court in the Veterans Court. <u>Id.</u> The Veterans Court treated Mr. McQueen's petition as a petition for writ of mandamus, which the Veterans Court denied, in part, due to a failure by Mr. McQueen to exhaust the available administrative remedies. <u>Id.</u>, slip op. at 2. The present appeal followed. This court has jurisdiction pursuant to 38 U.S.C. § 7292(c).

<u>Discussion</u>

This court has jurisdiction to review Veterans Court decisions to determine if the Veterans Court relied on an interpretation of a statute or regulation that was 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance

with law; 2) contrary to constitutional right, power, privilege, or immunity; 3) outside the Veterans Courts jurisdiction or a violation of statutory right; or 4) not in accordance with the required procedure. Maxson v. Gober, 230 F.3d 1330, 1332 (Fed. Cir. 2000); 38 U.S.C. § 7292(d)(1). This court does not have jurisdiction to review a Veterans Court's factual determination of a law or regulation as applied to the facts of a specific case. 38 U.S.C. § 7292(d)(2). Section 7292 does not, however, prevent this court from reviewing decisions of the Veterans Court under the All Writs Act, 28 U.S.C. § 1651(a). Lamb v. Principi, 284 F.3d 1378, 1381-82 (Fed. Cir. 2002).

In this appeal, Mr. McQueen's petition asserts the VA did not comply with the Veterans Court's August 21, 2003 remand order, thereby entitling him to the grant of a writ of mandamus. Veterans Court Decision, slip op. at 1. The Veterans Court properly characterized this action for extraordinary relief as a request for a writ of mandamus because, at the time Mr. McQueen petitioned the Veterans Court, his claims were still pending within the VA. Id. Thus, in order to gain the relief requested, Mr. McQueen must show (1) that he has a "clear and indisputable right" to the writ and (2) that he has no alternative way to obtain the relief sought. Kerr v. United States Dist. Court, 426 U.S. 394, 403 (1976); see also Timken Co. v. United States, 893 F.2d 337, 339 (Fed. Cir. 1990).

Mr. McQueen has not shown a clear and indisputable right to the writ. Following the Veterans Court Decision, the Board remanded the claim back to a VA appeals management center (AMC) on March 19, 2004. Veterans Court Decision, slip op. at 1. The AMC, in turn, forwarded the remand order to a

regional office for reconsideration of Mr. McQueen's claim, which again denied Mr. McQueen's claim. Id. The regional office mailed its decision to Mr. McQueen on November 4, 2004, advising him that he had sixty days in which to offer additional information regarding his case. Id. Thus, the record clearly demonstrates that, when Mr. McQueen filed his petition for writ of mandamus on November 24, 2004, his claim was being reconsidered as required by the remand order. Any delays in reviewing Mr. McQueen's claims alone are not sufficient to show a clear and undisputable right to the writ.

Mr. McQueen also asserts the regional office's November 4, 2004 decision is falsified. Mr. McQueen, however, provides no documentary support for his allegations, which were considered and denied by the Board during a video conference on June 21, 2001. Absent some proof of falsification, this allegation does not establish the extraordinary circumstances necessary to justify the issuance of the requested writ. See Kerr, 426 U.S. at 402 (stating "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations").

Furthermore, Mr. McQueen has not shown that he has no alternative way to obtain the relief sought in this case. When Mr. McQueen filed this petition, his claim was pending before the VA. Veterans Court Decision, slip op. at 2. In fact, at the time Mr. McQueen still could present further evidence to the VA. Id. at 1. Thus, the regional office's decision was not final and could still be challenged by Mr. McQueen within the VA. Moreover, even if the regional office's decision were final, the appropriate course of action would be an appeal with the Board,

*not* the Veterans Court, if Mr. McQueen remained unsatisfied with the decision. Therefore, Mr. McQueen did not exhaust his administrative remedies before filing the present petition. The Supreme Court has noted that extraordinary writs are not substitutes for appeals, even if an appellant has experienced hardship from delay. <u>Bankers Life & Cas. Co. v. Holland</u>, 346 U.S. 379, 383 (1953).

For the foregoing reasons, the Veterans Court properly denied Mr. McQueen's petition for writ of mandamus and its decision is affirmed.