NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7131

JACOB P. MCQUEEN, JR.,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Jacob P. McQueen, Jr., of Gulfport, Mississippi, pro se.

Gregg M. Schwind, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With him on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director and Kirk T. Manhardt, Assistant Director.  Of counsel on the brief was Michael J. Timinski, Deputy Assistant General Counsel, Office of the General Counsel, Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Lawrence B. Hagel

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7131

JACOB P. MCQUEEN, JR.,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims, No. 06-2801.

_____

DECIDED: December 11, 2008

_____

Before NEWMAN, GAJARSA, and DYK, Circuit Judges.

PER CURIAM.

Jacob P. McQueen, Jr. seeks review of the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the Board of Veterans Appeals' ("Board") decision. McQueen v. Peake, No. 06-2801 (Vet. App. May 13, 2008). Lacking jurisdiction under 38 U.S.C. § 7292, we dismiss.

BACKGROUND

Mr. McQueen served active duty in the United States Navy from January 1986 to January 1992. In 1987, Mr. McQueen fell while running across a parking lot and sustained an injury to his right wrist. A Department of Veterans Affairs ("VA") regional office ("RO") awarded him service connection for traumatic arthritis of the right wrist

and, several years later, for reflex sympathetic dystrophy and carpal tunnel syndrome of the right wrist. These claims are not at issue, and Mr. McQueen continues to receive benefits for them.

In April 2002, Mr. McQueen filed a claim for service connection for osteoporosis of the right wrist as secondary to his service-connected right extremity disability, but on May 29, 2002, the RO denied his claim. The RO cited a March 2002 medical examination that found "no demonstrable osteomyelitis, bone destruction, acute fracture or subluxation" despite x-rays from 1996 and 1998 showing osteoporosis of the right wrist. Subsequent medical examinations in April 2004 and October 2005 also showed no osteoporosis of the right wrist. Mr. McQueen appealed to the Board.

First, the Board denied Mr. McQueen's claim for service connection for osteoporosis to his right wrist as secondary to his service-connected right upper extremity disabilities ("the right-wrist claim") because no medical evidence existed showing a current diagnosis of osteoporosis of the right wrist. Second, the Board remanded for further investigation a separate claim for service connection for postoperative residuals of carpal tunnel syndrome of the left wrist, claimed as secondary to a service-connected right upper extremity disability ("the left-wrist claim"). Mr. McQueen appealed the Board's decision to the Veterans Court.

On June 6, 2008, the Veterans Court affirmed the Board's decision denying entitlement to benefits on the right-wrist claim, noting that the medical evaluations conducted in March 2002, April 2004 and October 2005 each evaluated x-rays from the late 1990s showing evidence of osteoporosis in the right wrist but found no evidence of osteoporosis during their present evaluation. The Veterans Court found no error in the

Board's determination that Mr. McQueen was no longer diagnosed with osteoporosis of the right wrist and was therefore not entitled to a direct or secondary service connection for it. McQueen v. Peake, No. 06-2801, slip op. at 5.

The Veterans Court refused to address Mr. McQueen's arguments for his left-wrist claim because the Board's remand decision was not a final decision, and thus under 38 U.S.C. § 7266 the Veterans Court had no jurisdiction. Id. at 2.

This appeal followed.

## DISCUSSION

This court has very limited jurisdiction over appeals from the Veterans Court. Forshey v. Principi, 284 F.3d 1335, 1342-44 (Fed. Cir. 2002); Conway v. Principi, 353 F.3d 1369, 1372 (Fed. Cir. 2004). Under 38 U.S.C. § 7292, this court has jurisdiction to hear challenges to the validity of any statute or regulation or any interpretation thereof. Conway, 353 F.3d at 1372. This court dismisses for lack of jurisdiction appeals from the Veterans Court based on factual determinations or that challenge applications of law to fact. Id.

As a preliminary matter, we do not address the arguments related to Mr. McQueen's left-wrist claim as those claims were on remand from the Board and not decided by the Veterans Court. We do not have jurisdiction to address issues not decided by the Veterans Court. 38 U.S.C. § 7272(a).

Mr. McQueen raises many arguments in his brief to this court. First, Mr. McQueen argues that the Veterans Court failed to consider medical evidence that shows he suffers from osteoporosis. In particular, he points to the x-rays and doctors' reports from the 1990s suggesting he had osteoporosis at that time. But, the record

reflects that the Veterans Court did consider these earlier x-rays in its evaluation of the medical evaluations from the early 2000s which addressed them. In any case, this court cannot re-weigh the evidence. We have no jurisdiction to review the factual determination that Mr. McQueen was not diagnosed with osteoporosis of the right hand, making him ineligible for resulting benefits. Forshey, 284 F.3d at 1342.

Second, Mr. McQueen argues that the Veterans Court failed to consider his motion to find the VA Secretary in violation of 38 C.F.R. § 20.716. That regulation governs the correction of hearing transcripts and requires that requests for corrections be filed with the Board within 30 days after the transcript was mailed to the appellant as required by 38 C.F.R. § 20.714(b). Mr. McQueen alleges that the Board never turned over the original transcript of a June 27, 2001 videoconference hearing and that the 21-page transcript he did receive was falsified. The record does not reflect that Mr. McQueen filed a motion to correct the transcript with the Board, but even if he did, to be timely, such a motion would have to have been filed before July 27, 2001. Without it, neither the Veterans Court nor this court has jurisdiction to hear Mr. McQueen's complaint. Mr. McQueen further appeals the Veterans Court's failure to rule on his motion to supplement the record, apparently to include what he considers to be a true transcript. This court has already addressed Mr. McQueen's allegation that the transcript was falsified and has found that he has failed to establish falsity. McQueen v. Nicholson, 154 Fed. Appx. 920, 922 (Fed. Cir. 2005). Nothing in Mr. McQueen's complaint regarding the transcript statutes contests their interpretation or validity, which could bring an issue within our jurisdiction.

Third, Mr. McQueen argues he has not been paid benefits which he alleges he is due from his right-wrist claim. Because the Board decision concluded only that Mr. McQueen was not then diagnosed with osteoporosis at the time of its ruling, the question of what benefits he might receive if he was then diagnosed was and is moot. As such, the Veterans Court did not reach the question of what benefits he should receive for the right-wrist claim. McQueen, slip op. at 5. Because the Veterans Court did not decide the issue, we do not have jurisdiction to address the issue. See Joyce v. Nicholson, 443 F.3d 845, 849 (Fed. Cir. 2006).

In his brief, Mr. McQueen rightly states that the Veterans Court has "the power to affirm, modify, or reverse a decision of the Board or to remand, as appropriate." 38 U.S.C. § 7252(a). This court does not. We have only limited power to review questions of statutory or regulatory interpretation or constitutional issues on appeal from a final judgment of the Veterans Court.

CONCLUSION

Lacking jurisdiction under 38 U.S.C. § 7292, we dismiss.

No costs.