Citation Nr: 1111567 
Decision Date: 03/23/11 Archive Date: 04/05/11

DOCKET NO. 09-22 347 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUES

1. Entitlement to service connection for residuals of frostbite of the feet.

2. Entitlement to service connection for residuals of frostbite of the hands.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

Michael J. Skaltsounis, Counsel





INTRODUCTION

The Veteran had active service from January 1943 to November 1945.

This case comes before the Board of Veterans' Appeals (Board) on appeal from a March 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Atlanta, Georgia, which denied the above claims. 

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2010). 38 U.S.C.A. § 7107(a)(2) (West 2002).


FINDINGS OF FACT

1. The Veteran does not have a current left foot disorder.

2. The Veteran's degenerative joint disease (DJD) of the right foot had its onset during combat service. 

3. The Veteran does not have a current left hand disorder.

4. The Veteran's DJD of the right hand had its onset during combat service. 


CONCLUSIONS OF LAW

1. A left foot disorder was not incurred in combat service. 38 U.S.C.A. §§ 1110, 1154(b), 5107 (West 2002); 38 C.F.R. §§ 3.102, 3.303, 3.304(d) (2010). 

2. DJD of the right foot was incurred in combat service. 38 U.S.C.A. §§ 1110, 1154(b), 5107 (West 2002); 38 C.F.R. §§ 3.102, 3.303, 3.304(d) (2010). 

3. A left hand disorder was not incurred in combat service. 38 U.S.C.A. §§ 1110, 1154(b), 5107 (West 2002); 38 C.F.R. §§ 3.102, 3.303, 3.304(d) (2010). 

4. DJD of the right hand was incurred in combat service. 38 U.S.C.A. §§ 1110, 1154(b), 5107 (West 2002); 38 C.F.R. §§ 3.102, 3.303, 3.304(d) (2010). 


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

As a result of the Board's decision to grant service connection for DJD of the right foot and hand, any failure on the part of VA to notify and/or develop the claims pursuant to the Veterans Claims Assistance Act of 2000, 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107 (West 2002 & Supp. 2010) (VCAA), cannot be considered prejudicial to the Veteran. 

With respect to the remaining claims for service connection for left foot and hand disorders, the VCAA imposes obligations on VA in terms of its duty to notify and assist claimants. Under the VCAA, when VA receives a complete or substantially complete application for benefits, it is required to notify the claimant and his representative, if any, of any information and medical or lay evidence that is necessary to substantiate the claim. 38 U.S.C.A. § 5103(a) (West 2002); 38 C.F.R. § 3.159(b) (2009); Quartuccio v. Principi, 16 Vet. App. 183 (2002).

In Pelegrini v. Principi, 18 Vet. App. 112, 120-21 (2004) (Pelegrini II), the United States Court of Appeals for Veterans Claims (Court) held that VA must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. VCAA notice must be provided prior to the initial unfavorable adjudication by the RO. Id. at 120. 

VCAA notice requirements apply to all five elements of a service connection claim. Those five elements include: 1) veteran status; 2) existence of a disability; (3) a connection between the veteran's service and the disability; 4) degree of disability; and 5) effective date of the disability. Dingess v. Nicholson, 19 Vet. App. 473 (2006).

Prior to the initial adjudication of the claims for service connection for left foot and hand disorders in March 2008, a July 2007 letter advised the Veteran of the evidence necessary to substantiate his claims and the respective obligations of the Veteran and the VA in obtaining that evidence. Quartuccio v. Principi, 16 Vet. App. 183 (2002). The letter also provided the Veteran with notice on the issues of establishing a disability rating and effective dates. Thus, the Veteran has received all essential notice, has had a meaningful opportunity to participate in the development of his claim, and is not prejudiced by any technical notice deficiency along the way. See Conway v. Principi, 353 F.3d 1369 (Fed. Cir. 2004).

In addition, on being advised that the Veteran's service treatment records were likely lost as a result of fire, the RO has made the Veteran aware of this fact, requested the Veteran's assistance in order to reconstruct the missing evidence through alternative means, and advised the Veteran that further efforts to obtain additional service treatment records would be futile. The RO has also obtained a VA examination to determine the existence of relevant disability and an opinion as to whether any such disability was related to the Veteran's combat service. There is no indication that there are any available outstanding pertinent documents or records that have not been obtained, or that are not adequately addressed in documents or records contained within the claims folder. Most importantly, the Veteran has stated that the frostbite affected his right foot and right hand only and that the left side was not involved. See Veteran's written statement dated January 18, 2008; see also QTC addendum. Therefore, remand to obtain additional records and/or to afford the Veteran another VA examination is not required.

The Board therefore finds that VA has satisfied its duty to notify and the duty to assist pursuant to the VCAA. See 38 U.S.C.A. §§ 5102 and 5103 (West 2002); 38 C.F.R. §§ 3.159(b), 20.1102 (2007); Dingess v. Nicholson, 19 Vet. App. 473 (2006); Pelegrini v. Principi, 18 Vet. App. 112 (2004) (Pelegrini II); Quartuccio v. Principi, 16 Vet. App. 183 (2002). 

"[I]n order to establish service connection or service-connected aggravation for a present disability the veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service." Shedden v. Principi, 381 F.3d 1163, 1166-57 (Fed. Cir. 2004). 

With chronic disease shown as such in service so as to permit a finding of service connection, subsequent manifestations of the same chronic disease at any later date, however remote, are service connected, unless clearly attributable to intercurrent causes. For the showing of chronic disease in service there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time, as distinguished from merely isolated findings or a diagnosis including the word "Chronic." When the disease entity is established (leprosy, tuberculosis, multiple sclerosis, etc.), there is no requirement of an evidentiary showing of continuity. If a condition noted during service is not shown to be chronic, then generally a showing of continuity of symptomatology after service is required for service connection. 38 C.F.R. § 3.303(b). In addition, service connection may also be granted on the basis of a post-service initial diagnosis of a disease, where the physician relates the current condition to the period of service. 38 C.F.R. § 3.303(d).

When a veteran served 90 days or more during a period of war and arthritis becomes manifest to a degree of 10 percent within one year from the date of termination of such service, such disease shall be presumed to have been incurred in service, even though there is no evidence of the disease during the period of service. This presumption is rebuttable by affirmative evidence to the contrary. 38 U.S.C.A. §§ 1112, 1137 (West 2002); 38 C.F.R. §§ 3.307, 3.309 (2010).

Satisfactory lay or other evidence that an injury or disease was incurred or aggravated in combat will be accepted as sufficient proof of service connection if the evidence is consistent with the circumstances, conditions, or hardships of such service even though there is no official record of such incurrence or aggravation. 38 U.S.C.A. § 1154(b); 38 C.F.R. § 3.304(d). 

As was noted previously, the Veteran's service treatment records are unavailable. However, the Veteran contends that he sustained frostbite injuries to the right foot and right hand as a result of his combat service during World War II, and his separation records reflect that his service included participation in the assault on Normandy Beach, France and the Battle of Ardennes (Battle of the Bulge) as a cannoneer, at which time the RO and the Board concede that he was exposed to combat and severely cold weather conditions. 

As a result of the Veteran's conceded in-service exposure to cold and combat, the Veteran was afforded a VA examination in January 2008 to determine the existence of any residual of cold injury to the feet and hands, and whether such disability was related to the Veteran's combat service in cold weather. VA treatment records over the period of June to September 2007 do not reflect any relevant complaints or treatment. 

At the time of the January 2008 VA examination, the Veteran reported cold injury while at Normandy Beach in France. The Veteran reported that his right foot and hand were affected by this exposure, initially with symptoms of numbness and later, sensitivity. He also claimed residuals of recurrent fungal infections, disturbances of nail growth, the feeling of a cold body in hot weather, and edema of the injured part. With respect to the right foot, he also claimed joint pain with arthritis and persistent burning pain. The Veteran also noted a sharp pain in the right hand, particularly at night, and a persistent burning pain in the right hand. Orthopedic and neurological examination revealed normal findings; however, x-rays of the right foot and hand revealed DJD. For the Veteran's claimed condition of frostbite, right foot, the diagnosis was right foot DJD, with subjective factors noted to include pain, and objective factors noted to include positive x-ray findings. For the Veteran's claimed condition of frostbite, right hand, the diagnosis was right hand DJD, with subjective factors noted to include pain, and objective factors noted to include positive x-ray findings. The examiner further commented that the Veteran reported a cold injury in service to the right hand and foot in 1943 at Normandy Beach. The examiner added that "[t]here are no residual sequelae." As a result of the examiner's last comment, the RO requested that the examiner confirm whether his findings warranted a diagnosis of frostbite of the right hand and foot. In response, the examiner merely stated that he was "unable to provide a diagnosis of frostbite without resorting to mere speculation. MER regarding diagnosis or treatment would be helpful." 

Initially, while the Board recognizes that the claims on appeal have been developed to this point on a bilateral basis, the record reflects that since the filing of his original claim, the Veteran has specifically and consistently referred only to the existence of current persistent complaints affecting the right foot and hand. More specifically, in his notice of disagreement, dated in January 2008, the Veteran stated that for many years, he had "decreased circulation and sensation on my right side especially in my right hand and foot." In addition, at the time of his VA examination in January 2008, he once again only identified his right foot and hand as the areas of cold injury, and in a June 2009 letter, the Veteran indicated that he had experienced continuous coldness in his right foot and right hand, without specifying any current or continuing complaints with respect to the left foot and hand. 

Thus, to the extent the Veteran's claims also include claims for service connection for left foot and hand disorders, these claims must be denied. Plainly put, a necessary element for establishing service connection-evidence of a current disability-has not been shown. See Gilpin v. West, 155 F. 3d 1353, 1356 (Fed. Cir. 1998); see also McClain v. Nicholson, 21 Vet. App. 319, 321 (2007) (the Gilpin requirement that there be a current disability is satisfied when the disability is shown at the time of the claim or during the pendency of the claim, even though the disability subsequently resolves). There is no lay or medical evidence of any current left foot or hand disability. Again, the Veteran does not contend that there is such a disability. Therefore, in the absence of proof of present disability there can be no valid claim. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992); see also Degmetich v. Brown, 104 F.3d 1328 (1997) (also interpreting 38 U.S.C. § 1131 as requiring the existence of a present disability for VA compensation purposes). Accordingly, service connection for left foot and hand disorders is not warranted.

Turning next to the Veteran's claims for service connection for right foot and hand disorders, as noted above, the January 2008 VA examiner diagnosed DJD of the right foot and hand. Therefore, there is competent evidence of a current disability with respect to these claims. 

Moreover, although the only medical opinion of record has concluded that a diagnosis of current residuals of frostbite is speculative in nature, the same examiner previously characterized both frostbite of the right foot and hand as right foot and hand DJD, and based on the Veteran's exposure to severely cold conditions during service, the fact that continuing right foot and hand pain are consistent with the circumstances, conditions, or hardships of the Veteran's combat service in cold conditions, and the lack of any evidence of exposure to cold following service, the Board finds the Veteran's report of continuity of symptomatology since service is credible and that there is sufficient evidence to relate those continuous symptoms to the current diagnosis of right foot and hand DJD. Consequently, the Board finds that giving reasonable doubt in favor of the Veteran, service connection for right foot and hand DJD is warranted. 38 U.S.C.A. 5107; 38 C.F.R. § 3.102.


ORDER

Service connection for a left foot disorder is denied.

Service connection for degenerative joint disease of the right foot is granted.

Service connection for a left hand disorder is denied.

Service connection for degenerative joint disease of the right hand is granted.



____________________________________________
P.M. DILORENZO
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs