Henry L. CONWAY, Jr.,
Claimant–Appellee,

v.

Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellant.

No. 03–7072.

United States Court of Appeals, Federal Circuit.

Jan. 7, 2004.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, KS, argued for claimant-appellee.

Martin F. Hockey, Jr., Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department

of Justice, of Washington, DC, argued for respondent-appellant. With him on the brief were Peter D. Keisler, Assistant Attorney General; and David M. Cohen, Director. Of counsel on the brief were Richard D. Hipolit, Deputy Assistant General Counsel; and Martie S. Adelman, Staff Attorney, United States Department of Veterans Affairs, of Washington, DC.

Before MAYER, Chief Judge, CLEVENGER and LOURIE, Circuit Judges.

CLEVENGER, Circuit Judge.

The Secretary of Veterans Affairs ("Secretary") appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veteran's Court") remanding a veteran's claim for service-connected disability compensation to the Board of Veterans' Appeals ("Board"). The Veteran's Court remanded because the veteran did not receive the notice required by the Veterans Claims Assistance Act ("VCAA"), as codified at 38 U.S.C. § 5103(a). We vacate the Veteran's Court decision and remand to the Veteran's Court because the Veteran's Court committed legal error when it expressly declined to "take due account of the rule of prejudicial error," as it is required to do by 38 U.S.C. § 7261(b)(2).

I

Enacted on November 9, 2000, the VCAA restated the responsibilities and duties of the Secretary with respect to claims for disability compensation filed by veterans. *See* Pub.L. No. 106–475, 114 Stat.2096 (Nov. 9, 2000) (codified in scattered sections of 38 U.S.C.). The portion of the VCAA relevant to this appeal appears in 38 U.S.C. § 5103(a):

Upon receipt of a complete or substantially complete application, the Secretary shall notify the claimant and the claimant's representative, if any, of any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate the claim. As part of that notice, the Secretary shall indicate which portion of that information and evidence, if any, is to be provided by the claimant and which portion, if any, the Secretary ... will attempt to obtain on behalf of the claimant.

38 U.S.C.A. § 5103(a) (2002). The Secretary has promulgated a regulation relating to this duty to notify: "VA will inform the claimant which information and evidence, if any, that the claimant is to provide to VA and which information and evidence, if any, that VA will attempt to obtain on behalf of the claimant." 38 C.F.R. § 3.159(b)(1) (2002).

II

Henry L. Conway, a veteran who had active service from 1965 to 1967, applied to the Department of Veterans Affairs regional office ("RO") for disability compensation for post-traumatic stress disorder ("PTSD"), alleging that his condition was service-connected. In June 1998, the RO denied his claim, and, in December 2000, the Board denied his appeal. The Board did not reach the issue of whether Conway suffered from PTSD because it found that "the evidence which is of record does not establish that [Conway] was exposed to a stressor in service" that could have triggered the PTSD. *See* 38 C.F.R. § 3.304(f) (1991) (requiring "credible supporting evidence that the claimed in-service stressor occurred").

The Board also made the following statement with respect to the VCAA and its relation to Conway's appeal: [1]

---

1. Conway's appeal was pending before the Board on November 9, 2000, the date the VCAA became effective. According to the VA's own regulation, the VA was obliged to apply the VCAA to Conway's case. *See Bernklau v. Principi*, 291 F.3d 795, 806 & n. 9 (Fed.Cir.2002).

The Board notes that there have been changes in the laws pertaining to development of evidence and notice which must be provided to the veteran. *See* Veterans Claims Assistance Act of 2000, Pub.L. No. 106–475, 114 Stat.2096 (2000). The RO has not yet had an opportunity to consider the veteran's claims under these new laws. The Board finds, however, that a remand is not required as appropriate notice requirements have been met by the letters and supplemental statements of the case which were supplied by the RO to the veteran, and all relevant facts have been properly developed. The evidence which has been obtained includes the veteran's service medical records, service personnel records, and post-service medical treatment records. He has declined the opportunity to have a personal hearing. The veteran's attorney has attempted to verify the veteran's claimed stressors. He has been afforded a post-traumatic stress disorder examination. All evidence necessary for an equitable resolution of the issue on appeal has been obtained. The Board does not know of any additional relevant evidence that is available. In a letter dated in June 1999, the veteran's attorney requested that the case be decided on the evidence which is currently of record. Therefore, no further assistance to the veteran with the development of evidence is required.

Conway appealed the Board's decision to the Veteran's Court, which, on November 20, 2002, vacated the Board's decision and remanded the matter to the Board for readjudication. The Veteran's Court emphasized that "there is no evidence in the record that the Secretary ever notified the claimant of who is responsible for obtaining the evidence necessary to substantiate his claim," as is required by the VCAA under section 5103(a). Relying on *Quartuccio v. Principi*, 16 Vet.App. 183 (2002), the Veteran's Court stated that "it is not

for the Secretary, or this Court, to predict what evidentiary development may or may not result from such notice" concerning who is responsible for obtaining certain portions of evidence and information. After discussing the portion of the Board opinion addressing the VCAA provided above, it concluded that:

It is difficult to discern what additional guidance VA could have provided to the veteran regarding what further evidence he should submit to substantiate his claim. While the Court will not attempt in this case to address the application of the harmless error doctrine, the time may be approaching to do so.

The Secretary appealed the Veteran's Court order to us.

### III

We have jurisdiction to hear decisions of the Veteran's Court only with respect to a "challenge to the validity of any statute or regulation or any interpretation thereof . . . ." 38 U.S.C.A. § 7292(c) (2002); *see also Bernklau v. Principi*, 291 F.3d 795, 800 (Fed.Cir.2002). "Unless there is a constitutional issue presented, however, we may not review factual determinations." *Bernklau*, 291 F.3d at 800 (citing 38 U.S.C. § 7292(d)(2)). In other words, while we can review questions of law, we cannot review applications of law to fact. *See Smith v. Principi*, 343 F.3d 1358, 1361 (Fed.Cir.2003) (determining that an issue on appeal from the Veteran's Court presented "a question of law" rather than an "application of law to fact" and thus holding that we had jurisdiction).

The Secretary raises two distinct arguments as to why the Veteran's Court opinion is erroneous and characterizes each as presenting a question of law. We review each in turn below.

## A

The Secretary initially argues that the Veteran's Court committed legal error in its interpretation of section 5103(a). The Veteran's Court noted that "the Board has not complied precisely with the notice provisions of the VCAA in this case," and the Secretary construes this comment to be an incorrect interpretation of section 5103(a) requiring the VA both to use "precise" words in the notice that it provides and to specifically identify evidence in all cases. We disagree with the Secretary's characterization of the Veteran's Court opinion and conclude that our consideration of these arguments would require review of the Veteran's Court's application of law to fact. The Veteran's Court merely stated that section 5103(a) had not been properly administered "in this case"; it did not announce an interpretation of section 5103(a). We therefore lack jurisdiction to consider the Secretary's arguments addressed directly to section 5103(a).

## B

The Secretary next argues that the Veteran's Court committed legal error because it refused to apply the harmless error doctrine as it is required to do under 38 U.S.C.A. § 7261(b)(2) (2002).[2] Section 7261(b)(2) requires the Veteran's Court to "take due account of the rule of prejudicial error." *Id.* The Secretary alleges that the Veteran's Court violated its statutory obligations under section 7261(b)(2) when it refused to consider whether the difference between the notice actually given to Conway and the notice required by section 5103(a) prejudiced Conway.

In light of the language used in the Veteran's Court opinion, we conclude that the Secretary's section 7261(b)(2) argument presents a question of law, namely whether there is an implicit exemption from section 7261(b)(2) for the notice requirements in section 5103(a). The Veteran's Court expressly stated that it would not consider the prejudice, or lack thereof, suffered by Conway as a result of his deficient notice insofar as it proclaimed that "the Court will not attempt in this case to address the application of the harmless error doctrine." If section 7261(b)(2) does apply to all cases pending before the Veteran's Court, then the Veteran's Court committed legal error by shirking its duty in this case. Although the Veteran's Court unquestionably does not have an obligation to expressly discuss the rule of prejudicial error in each and every opinion, *cf. Bernklau*, 291 F.3d at 801–02 ("It is well-established that a 'litigant's right to have all issues fully considered and ruled on by the appellate court does not equate to a right to a full written opinion on every issue raised.'" (quoting *United States v. Garza*, 165 F.3d 312, 314 (5th Cir.1999))), what it cannot do is precisely what it has done here when it flatly refused to "take due account of the rule of prejudicial error," provided section 7261(b)(2) applies to the notice provisions in section 5103(a).

## IV

Conway argues that we should not hear the Secretary's section 7261(b)(2) argument even if it does present a question of law because, under *Williams v. Principi*, 275 F.3d 1361 (Fed.Cir.2002), we generally decline to hear appeals in cases that the Veteran's Court has remanded to the Board. We conclude that under the test articulated in *Williams*, we should accept jurisdiction to hear this appeal.

---

**2.** At the time of the Veteran's Court proceedings, the provision at issue was found in 38 U.S.C. § 7261(b), and was moved to section 7261(b)(2) by Pub.L. No. 107–330, § 401, 116 Stat. 2832 (Dec. 6, 2002), without alteration of the relevant text.

A judicially crafted—and thus prudential—final judgment rule controls this court's review of the Veteran's Court. *See id.* at 1363. We have previously held that remand orders, by default, do not satisfy this finality rule, *id.* at 1364, but that they can be reviewable if they meet several criteria:

> Our cases establish that we will depart from the strict rule of finality when the [Veteran's Court] has remanded for further proceedings only if three conditions are satisfied:
>
> (1) there must have been a clear and final decision of the legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary;
>
> (2) the resolution of the legal issues must adversely affect the party seeking review; and,
>
> (3) there must be a substantial risk that the decision would not survive a remand, *i.e.*, that the remand proceeding may moot the issue.

*Id.* (citations and footnotes omitted).

■ While remands from the Veteran's Court are generally not appealable, *see Myore v. Principi,* 323 F.3d 1347, 1352 (Fed.Cir.2003), this is one of the rare cases where such an appeal is proper. All three *Williams* criteria are met here with respect to the legal argument addressing the relationship between sections 7261(b)(2) and 5103(a). First, as discussed above, the argument presents a "legal issue" that was clearly and finally decided by the Veteran's Court. Furthermore, the unavailability of a harmless error rule would directly govern the remand proceedings to the BVA, and the insufficiency of notice is the only reason for remand given by the Veteran's Court, so a reversal on this point might render the remand proceedings unnecessary.[3] Second, a decision by the Veteran's Court not "to take due account of the rule of prejudicial error" would adversely affect the Secretary, who is the party seeking review in this Court. *Cf. Travelstead v. Derwinski,* 978 F.2d 1244, 1247–49 (Fed.Cir.1992) (finding jurisdiction to review a remand order of the Veteran's Court appealed by the Secretary). Third, a remand would moot the notice issue, making later review of the issue in this court difficult or impossible. Once the Secretary gives Conway the notice required by the VCAA, questions concerning the harmlessness of a failure to give notice are irrelevant.

## V

■ Addressing the Secretary's prejudicial error argument on the merits, we hold that there is no implicit exemption for the notice requirements of section 5103(a) from the general statutory command in section 7261(b)(2) that the Veteran's Court shall "take due account of the rule of prejudicial error." Section 7261(b)(2) is plain on its face. It applies to all Veteran's Court proceedings, and nothing in the VCAA even hints that Congress intended to exempt section 5103(a) from that general scheme.

3. Once the Veteran's Court decided to remand on the notice issue, it concluded that "the additional allegations of error made by the veteran are moot" and declined to address them. Thus, on remand, the Veteran's Court may both determine that the lack of proper notice to Conway under section 5103(a) did not prejudice Conway and remand the case to the Board on another issue. Alternatively, the Veteran's Court may on remand apply section 7261(b)(2) and find that the insufficiency of the notice was not harmless, thus necessitating remand to the Board. These possibilities, however, do not deprive us of jurisdiction under *Williams* because our review of the issue would obviate the need for the remand on all grounds reached by the Veteran's Court in its opinion.

## VI

In conclusion, we offer some words of caution intended to emphasize the limited nature of our holding. While we establish today that the Veteran's Court must "take due account of the rule of prejudicial error" in all cases addressing the notice requirements in section 5103(a), we express no opinion either on what it means for the Veteran's Court to "take due account" of the rule or on whether Conway suffered prejudicial error in this case. We do not have a record before us that would permit us to offer an informed legal construction of exactly what the Veteran's Court must do when it "take[s] due account" of prejudicial error, and we would surpass our jurisdiction if we were to apply the harmless error rule as codified in section 7261(b)(2) to the facts of this case.

The BVA found that "[a]ll evidence necessary for an equitable resolution of the issue on appeal has been obtained." This is a Board finding that the Veteran's Court must review under its own standards of review and to which it must apply section 7261(b)(2).[4] Additionally, the Veteran's Court noted that the case presented "what appears to be, at most, a de minimus [sic] notice error," that "remand for readjudication ... will be of questionable value," that "the record has been fully developed," and that "[i]t is difficult to discern what additional guidance VA could have provided to the veteran regarding what further evidence he should submit to substantiate his claim." Nonetheless, the ultimate conclusion of the effect of the rule of prejudicial error on this case is beyond our jurisdiction and is for the Veteran's Court to determine on remand.

4. In cases in which the Board itself did not make findings on the completeness of the record or on other facts permitting a conclusion of lack of prejudice from improper notice, it is questionable whether the Veteran's Court could arrive at the factual conclusion regarding prejudice in the first instance. *See*

## COSTS

No costs.

**VACATED AND REMANDED.**

*Sanchez–Benitez v. Principi,* 259 F.3d 1356, 1363 (Fed.Cir.2001) ("[I]t is not the role of the Veteran's Court to make such factual determinations *sua sponte.* Rather, it should wait until the issue is 'properly presented on appeal.' ").