# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 01-0575

Burdett Huston,                                                            Appellant,

     v.

Anthony J. Principi,
Secretary of Veterans Affairs,                                            Appellee.

Before IVERS, *Chief Judge*, and STEINBERG and KASOLD, *Judges*.

## O R D E R

On March 27, 2001, the appellant, veteran Burdett Huston, filed pro se a Notice of Appeal from a February 21, 2001, Board of Veterans' Appeals (Board or BVA) decision that denied an effective date earlier than June 7, 1991, for his Department of Veterans Affairs (VA) service-connected bilateral hearing loss; that decision also addressed the issue whether a May 15, 1981, VA regional office (RO) decision denying service connection for that condition contained clear and unmistakable error (CUE).  Record (R.) at 1-3.  On May 25, 2001, counsel entered an appearance on behalf of the appellant.  Thereafter, the parties filed briefs. On July 11, 2003, this Court issued an opinion, vacating the Board decision in this case and remanding matters for further development and readjudication.  *Huston v. Principi*, 17 Vet.App. 195, 202-06 (2003).  Specifically, as to the appellant's claim for an earlier effective date (EED) based on a direct challenge to a June 1999 VARO decision (direct-appeal EED claim), the Court concluded that the Board had erred by failing to discuss the notice provisions of 38 U.S.C. § 5103(a), as amended by the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, § 3(a), 114 Stat. 2096, 2096-97, and that the record on appeal (ROA) contained no specific notice to the appellant that met the standard established by amended section 5103(a) and 38 C.F.R. § 3.159(b) (2002).  *Huston*, 17 Vet.App. at 202-03.  The Court ordered that claim remanded to the Board in order to obtain compliance with those notice provisions.  The Court also ordered remanded to the Board the appellant's claim for an EED based on CUE in a May 1981 RO decision (CUE claim).  *Id.* at 203-06.

The Secretary appealed to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), and the Federal Circuit vacated this Court's opinion and remanded the matter for further proceedings consistent with its opinion in *Conway v. Principi*, 353 F.3d 1369 (Fed. Cir. 2004), which held that this Court is required to "'take due account of the rule of prejudicial error' in all cases addressing the notice requirements in section 5103(a)."  *Id.* at 1375.  On June 28, 2004, the Federal Circuit issued its mandate, and the case is now back before this Court.

On July 9, 2004, the Secretary filed a motion to stay proceedings in the instant case pending final disposition in this Court of *McCutcheon v. Principi*, No. 01-1027, and *Conway v. Principi*,

No. 01-0107. Thereafter, the appellant filed an opposition to the motion for a stay. On September 14, 2004, this Court issued an opinion, inter alia, vacating the Board decision in this case as to the CUE claim and remanding that matter for readjudication. *Huston v. Principi*, __ Vet.App. __, No. 575, 2004 WL 2047352 (Sept. 14, 2004). With respect to consideration of the direct-appeal EED claim, the Court severed the appeal as to that claim, granted in part the Secretary's motion to stay proceedings, and deferred consideration of that claim pending further order of the Court. *Ibid*. As to *McCutcheon*, the Court notes that on September 15, 2004, the Court issued an order terminating the appeal based on a September 13, 2004, joint motion filed by the parties there to terminate the appeal (in light of a settlement agreement). The Court also notes that, by an August 3, 2004, single-judge order, this Court in *Conway*, on remand from the Federal Circuit, vacated the Board decision there on appeal and remanded the matter, and that on the same date a panel of this Court denied a motion for a panel decision.

In light of the Federal Circuit's remand here and in the interest of receiving fully developed arguments, the Court is in need of supplemental briefing from the parties regarding the direct-appeal EED claim. Specifically, the Court requires supplemental briefing on the following questions:

> 1. Do the notice provisions of 38 U.S.C. § 5103(a) apply to the EED issue raised in an appeal to the Board from the initial award of service connection – i.e., where the service-connection claim has already been "substantiate[d]"?

> 2. Assuming, arguendo, that the section 5103(a) notice provisions apply to the appellant's EED claim, has VA complied with those provisions? If not, was the appellant prejudiced by VA noncompliance in this case, *see* 38 U.S.C. § 7261(b)(2) (directing the Court to "take due account of the rule of prejudicial error"), and which party carries the burden regarding prejudicial error?

On consideration of the foregoing, it is

ORDERED that, not later than 21 days after the date of this order, the appellant file with the Court, and serve on the Secretary (and any amicus curiae who has filed a supplemental brief), a supplemental brief addressing (1) the action that the Court should take in light of the Federal Circuit's remand and (2) the specific questions presented in the preceding paragraph. It is further

ORDERED that any interested amicus curiae may file a supplemental brief within the time afforded to the appellant and, if so, shall serve that pleading on the appellant and the Secretary. It is further

ORDERED that, not later than 14 days after service of the appellant's supplemental brief, the Secretary file, and serve on the appellant and any amicus curiae who has filed a supplemental brief, a supplemental response. It is further

ORDERED that, not later than 14 days after service of the Secretary's supplemental response, the appellant and any amicus curiae who has filed a supplemental brief may file a supplemental reply and, if so, shall serve the reply on each other and on the Secretary.

Upon completion of briefing, the Court anticipates that it will schedule oral argument.


DATED:   September 27, 2004                    PER CURIAM.