KASOLD, Judge,
concurring:
Although I concur fully in the decision of the Court, I write separately to note that, based on my review of the record as the screening judge in this case, Mr. Coker was provided adequate notice on the very issues upon which the Secretary denied his claims numbered two through six, as so identified in the opinion of the Court. Ante at 440.
Mr. Coker’s second and third claims— for a stomach disorder and residuals due to a urinary tract infection — were denied because the evidence of record did not establish a medical nexus between these disabilities and an in-service event or disability. The record reflects that he received adequate notice with regard to these issues (see e.g., R. at 198-202, 226-27, 323-26, 353-56, 457-69). Mr. Coker’s fourth, fifth, and sixth claims — for higher disability ratings for service-connected sinusitis and tonsillitis — were not assigned higher ratings because his disabilities did not meet the criteria established in the rating schedule for the next-higher disability ratings. The record reflects that he was advised of the evidence necessary to substantiate the next-higher disability ratings for each of these claims (see e.g., R. at 226-27, 457-69, 493-500, 503-04, 529-42). Accordingly, even if notice was otherwise inadequate, Mr. Coker was not prejudiced. See Mayfield v. Nicholson, 19 Vet.App. 103, 121 (2005) (noting that notice errors can be shown to be nonprejudicial and citing several examples where notice error would not be prejudicial), appeal docketed, No. 05-7157 (Fed. Cir. June 14, 2005); see also 38 U.S.C. § 7261(b)(2); Conway v. Principi, 353 F.3d 1369, 1375 (Fed.Cir. *444 2004) (Court is required to “take due account of the rule of prejudicial error”); Marciniak v. Brown, 10 Vet.App. 198, 201 (holding that, “[i]n the absence of, demonstrated prejudice,” remand is unnecessary); Barker v. Brown, 9 Vet.App. 476, 481 (same).