NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**ALFRED A. ANDREANO,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2010-7103

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-2851, Judge William A. Moorman.

---

Decided: December 8, 2010

---

ALFRED A. ANDREANO, of Rochester, New York, pro se.

DAVID D'ALESSANDRIS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and HAROLD D. LESTER, JR., Assistant Director. Of coun-

sel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and BRIAN D. GRIFFIN, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

_____

Before DYK, PROST, and MOORE *Circuit Judges.*

PER CURIAM.

Alfred A. Andreano ("Andreano") appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), *Andreano v. Shinseki*, No. 08-2851 (Vet. App. Apr. 12, 2010). That decision affirmed a decision of the Board of Veterans' Appeals ("Board") denying Andreano's claim for entitlement to service connection for malaria. We *dismiss*.

## BACKGROUND

Andreano filed a claim for service connection for malaria with the Department of Veterans Affairs asserting that he had suffered from malaria since his discharge from active duty in the U.S. Army in January 1946. He acknowledged that his service records did not contain any mention of malaria because he failed to report the condition upon discharge. Andreano's service medical records could not be located, likely because they were destroyed in a fire at the Personnel Records Center in 1973. The VA Regional Office denied Andreano's claim and the Board affirmed based on the absence of "evidence . . . of a current disability that is a residual of malaria." Resp. Br. App. 11.

The Veterans Court affirmed the decision of the Board, noting that "[w]hile [Andreano] has provided lay testimony to support his assertion that he contracted malaria while in service, he has provided no evidence, lay

or medical, which would indicate that he currently suffers from malaria or the residuals thereof." Resp. Br. App. 3.

## DISCUSSION

This court has jurisdiction to hear decisions of the Veterans Court only with respect to a "challenge to the validity of any statute or regulation or any interpretation thereof . . . ." 38 U.S.C. § 7292(c). We may not, however, review factual determinations or the application of law to fact "[e]xcept to the extent that an appeal . . . presents a constitutional issue." *Id.* § 7292(d)(2); *see Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004).

Andreano does not contest the validity or interpretation of any statute or regulation, but appears to argue only that application of the benefit of the doubt doctrine, codified in 38 U.S.C. § 5107, would change the result in his case. Under this doctrine, "[w]hen there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant." 38 U.S.C. § 5107(b). In this case, the Veterans Court noted that "the Board, sitting as the trier of fact, has determined that the preponderance of the evidence weighs against [Andreano's] claim;" thus, the "benefit of the doubt doctrine is inapplicable." Resp. Br. App. 4. The Board's finding that "a preponderance of the evidence weighs against [Andreano's] claim" is a factual finding. Similarly, the Board's decision to deny Andreano's claim of service connection for malaria is a finding of fact. *See* 38 C.F.R. § 3.303(a). We are statutorily prohibited from reviewing the Board's findings of fact. *See* 38 U.S.C. § 7292(d)(2).

Because this court is without jurisdiction to review the Board's factual findings, we dismiss.

**DISMISSED**

COSTS

No costs.