NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**MARTIN M. KALICK II,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS**
*Respondent-Appellee.*

---

2011-7177

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 09-4365, Judge Lawrence B. Hagel.

---

Decided: February 9, 2012

---

MARTIN M. KALICK, II, of Phillipsburg, Kansas, pro se.

COURTNEY S. MCNAMARA, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M. HUGHES, Deputy Director. Of counsel on the brief were

MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and Y. KEN LEE, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before RADER, *Chief Judge*, LINN, and DYK, *Circuit Judges*.

PER CURIAM.

Martin M. Kalick II ("Kalick") appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), *Kalick v. Shinseki*, No. 09-4365, 2011 WL 2745793 (Vet. App. July 15, 2011). The Veterans Court affirmed a 2009 decision of the Board of Veterans' Appeals ("Board") denying his claims for entitlement to an initial disability rating in excess of 10% for right shoulder strain and an initial compensable disability rating for right sternoclavicular sprain. We *affirm*.

## BACKGROUND

Kalick first filed the claims raised in this appeal in January 2007. In May 2007, a Department of Veterans Affairs regional office ("RO") awarded Kalick noncompensable disability ratings for his right shoulder strain under Diagnostic Code 5201 (limitation of motion of the arm) and his sternoclavicular sprain under Diagnostic Code 5203 (impairment of the clavicle or scapula). *See* 38 C.F.R. § 4.71a, Diagnostic Codes 5201, 5203. Subsequently, the RO granted Kalick an initial compensable disability rating of 10% for his right shoulder strain under Diagnostic Code 5203 based upon reduced range of motion with pain on motion. Kalick appealed the RO's decision to the Board, contending, *inter alia*, that he should have

been awarded an additional rating pursuant to Diagnostic Codes 5003 or 5010.[1]

On August 11, 2009, the Board declined to award Kalick a disability rating for his right shoulder strain or right sternoclavicular sprain under Diagnostic Codes 5003 or 5010. With respect to Kalick's right shoulder strain claim, the Board noted that because Kalick did not have a diagnosis of arthritis as to his right shoulder strain, Diagnostic Codes 5003 and 5010 were inapplicable to his right shoulder strain. *See id.* § 4.71a, Diagnostic Codes 5003, 5010. With respect to Kalick's sternoclavicular sprain claim, the Board found that although he had a diagnosis of arthritis as to his right sternoclavicular joint, Kalick was not entitled to a compensable rating under those diagnostic codes because the sternoclavicular joint is not subject to range of motion testing, meaning there was an "absence of limitation of motion," *id.* § 4.71a, Diagnostic Code 5003, and there was no evidence that Kalick suffered from arthritis involving two or more major

---

[1]    Diagnostic Code 5003 of 38 C.F.R. § 4.71a provides: "Degenerative arthritis established by X-ray findings will be rated on the basis of limitation of motion under the appropriate diagnostic codes for the specific joint or joints involved (DC 5200 etc.). When however, the limitation of motion of the specific joint or joints involved is noncompensable under the appropriate diagnostic codes, a rating of 10[%] is for application for each such major joint or group of minor joints affected by limitation of motion, to be combined, not added under diagnostic code 5003. Limitation of motion must be objectively confirmed by findings such as swelling, muscle spasm, or satisfactory evidence of painful motion. In the absence of limitation of motion, . . . [w]ith X-ray evidence of involvement of 2 or more major joints or 2 or more minor joint groups [rate as] 10[%]." Diagnostic Code 5010 provides for ratings in accordance with Diagnostic Code 5003.

joints or two or more minor joint groups. Kalick appealed the Board's decision to the Veterans Court.

Before the Veterans Court, Kalick argued that his injuries were compensable under Diagnostic Codes 5003 or 5010 because his arthritis impacted both the acromioclavicular and sternoclavicular joints. The Veterans Court rejected Kalick's argument. It found no evidence to contradict the Board's finding that Kalick did not suffer from arthritis of the shoulder. Relying on the Board's finding that there was an absence of limitation of motion in the sternoclavicular joint, the Veterans Court also held that arthritis of the acromioclavicular and sternoclavicular joints was insufficient to support a compensable rating for sternoclavicular sprain because "neither the acromioclavicular or sternoclavicular joints is a major joint or minor joint group for the purpose of rating disabilities from arthritis." *Kalick*, 2011 WL 2745793, at *4 (citing 38 C.F.R. § 4.45(f)). Accordingly, the Veterans Court affirmed the Board's August 11, 2009, decision. This appeal followed.

## DISCUSSION

Our jurisdiction to review the decisions of the Veterans Court is limited by statute. We may review the decisions of the Veterans Court "on a rule of law or of any statute or regulation," or "any interpretation thereof" relied upon by the Veterans Court in rendering its decision. 38 U.S.C. § 7292(a). However, with the exception of appeals that "present[] a constitutional issue," this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2); *see also Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004).

On appeal, Kalick argues that the Veterans Court erred by failing to apply Diagnostic Codes 5003 or 5010 to

his claims because the Veterans Court erroneously required him to demonstrate that his arthritis affects two or more major joints or minor joint groups. The Board made three factual findings with respect to whether Kalick's claims could be compensable under Diagnostic Codes 5003 or 5010. First, the Board found no evidence that Kalick suffered from arthritis of the right shoulder. Second, the Board found that while Kalick did have arthritis as to his right sternoclavicular sprain, there was an absence of limitation of motion in the sternoclavicular joint because range of motion testing does not apply to that joint. Finally, the Board concluded that the sternoclavicular joint did not involve two or more major joints or minor joint groups as required under the regulation when there is an "absence of limitation of motion." These findings were affirmed by the Veterans Court. Kalick only appears to challenge the second finding.

To the extent that Kalick challenges the factual finding that the sternoclavicular joint is not subject to range of motion testing, we lack jurisdiction to review such a finding. *See* 38 U.S.C. § 7292(d)(2). However, Kalick seems to also argue that the Veterans Court misinterpreted the regulation such that the court erred in concluding that there was an "absence of limitation of motion" in his sternoclavicular joint, rather than concluding that he suffers from "noncompensable" limitation of motion in that joint. *See* 38 C.F.R. § 4.71a, Diagnostic Code 5003 ("Degenerative arthritis established by X-ray findings will be rated on the basis of limitation of motion under the appropriate diagnostic codes for the specific joint or joints involved (DC 5200 etc.). When however, the limitation of motion of the specific joint or joints involved is *noncompensable* under the appropriate diagnostic codes, a rating of 10[%] is for application for each such major joint or group of minor joints affected by limitation of motion . . . .

In the *absence of limitation of motion, . . .* [w]ith X-ray evidence of involvement of 2 or more major joints or 2 or more minor joint groups [rate as] 10[%]." (emphasis added)).

We find no error in the Veterans Court's interpretation that there was an "absence of limitation of motion."

COSTS

No costs.