NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NORMA E. HORNBEAK,**

*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2016-1682

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-2156, Judge Alan G. Lance, Sr.

---

Decided: January 17, 2017

---

SANDRA E. BOOTH, Law Office of Sandra E. Booth, Columbus, OH, argued for claimant-appellant.

MELISSA BAKER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR., BENJAMIN C. MIZER; JONATHAN KRISCH, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before O'MALLEY, BRYSON, and REYNA, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

Norma Hornbeak appeals from a decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") which affirmed a decision of the Board of Veterans' Appeals ("the Board"). *Hornbeak v. McDonald*, No. 14-2156, 2015 WL 5255347 (Vet. App. Sept. 10, 2015). Because Mrs. Hornbeak does not raise any issues on appeal that are within our jurisdiction, we accordingly dismiss.

This appeal concerns Edward Hornbeak's entitlement to benefits for military service during World War II, now pursued by Mrs. Hornbeak, his surviving wife. Specifically, Mrs. Hornbeak seeks burial benefits predicated on entitlement to service connection for Mr. Hornbeak's lung cancer, on the theory of exposure to carcinogenic radiation. The Regional Office and the Board denied Mrs. Hornbeak's claim, finding that the preponderance of the evidence weighed against finding that Mr. Hornbeak was within ten miles of Nagasaki or otherwise exposed to ionizing radiation while in service. In particular, the Board rejected lay statements previously made by Mr. Hornbeak regarding service proximate to Nagasaki as not credible, noting (1) varying details and inconsistency in his statements over time, as well as (2) the absence of an entry in the service records with respect to Nagasaki.

Mrs. Hornbeak timely appealed to the Veterans Court, making two central arguments. First, she argued that the Board clearly erred in finding Mr. Hornbeak's lay statements not credible due to the alleged variation and inconsistency. Second, she argued that the Board improperly relied on the absence of corroborating service records as substantive discrediting evidence. The Veterans Court addressed the first argument, finding no issues

with the Board's analysis: "In all, the Court cannot conclude that the Board clearly erred when it determined that Mr. Hornbeak's lay statements lacked credibility based on the inconsistencies in those statements." *Id.* at *3. The Veterans Court determined that it did not, therefore, need to reach Mrs. Hornbeak's second argument, as it constituted harmless error:

> As the inconsistencies in Mr. Hornbeak's statements were thus a sufficient basis for the Board to find those statements not credible, the Court need not consider the appellant's remaining arguments regarding the Board's credibility findings. At best, those alleged errors are not prejudicial. *See* 38 U.S.C. § 7261(b)(2) (requiring the Court to "take due account of the rule of prejudicial error"); *Shinseki v. Sanders*, 556 U.S. 396, 406 (2009).

*Id.* at *4.

Mrs. Hornbeak timely appeals the Veterans Court's decision to this court, relying on the same argument made below with respect to Mr. Hornbeak's service records. Specifically, she argues that the Board erred by treating "the absence of evidence of a matter in a record" as "substantive evidence that the matter did not occur." Appellant Br. at 13 (citing *AZ v. Shinseki*, 731 F.3d 1303 (Fed. Cir. 2013)). The Veterans Court's "decision not to review" that "prejudicial" issue, she argues, was error. *Id.* at 20.

We do not have jurisdiction to address the merits of Mrs. Hornbeak's argument. The Veterans Court affirmed the Board's decision explicitly without reliance on the absence of service record evidence. We may not, therefore, rule on that issue. *Cromer v. Nicholson*, 455 F.3d 1346, 1349 (Fed. Cir. 2006) ("If the Veterans Court affirmed without reaching the adverse presumption issue, its disposition of the case could not be altered by the adoption of 'the position urged,' and we again would lack jurisdiction . . . ."). It is, moreover, well-established that

this court is without jurisdiction to review the Veterans Court's determinations over whether alleged Board errors are harmless:

> We do not have a record before us that would permit us to offer an informed legal construction of exactly what the Veteran's Court must do when it "take[s] due account" of prejudicial error, and we would surpass our jurisdiction if we were to apply the harmless error rule as codified in section 7261(b)(2) to the facts of this case.

*Conway v. Principi*, 353 F.3d 1369, 1375 (Fed. Cir. 2004).

CONCLUSION

Because Mrs. Hornbeak does not raise any issues that are within this court's jurisdiction, we must accordingly dismiss her appeal.

**DISMISSED**