NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

―――――――――――

**MICHAEL P. PAALAN,**

*Claimant-Appellant*

**v.**

**PETER O'ROURKE, ACTING SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

―――――――――――

2018-1517

―――――――――――

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-442.

―――――――――――

Decided: July 16, 2018

―――――――――――

MICHAEL P. PAALAN, Savannah, GA, pro se.

MOLLIE LENORE FINNAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by MARTIN F. HOCKEY, JR., ROBERT EDWARD KIRSCHMAN, JR., CHAD A. READLER; AMANDA BLACKMON, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

―――――――――――

Before O'MALLEY, CLEVENGER, and REYNA, *Circuit Judges.*

PER CURIAM.

Michael P. Paalan appeals from the final decision of the United States Court of Appeals for Veterans Claims, which denied his claims to veterans benefits related to his period of service from June 29, 1989 to January 17, 2006 on the ground that his dishonorable discharge from that period of service is a bar to eligibility for veterans' benefits. *Paalan v. Skulkin*, No. 16-0442, 2017 WL 5046368 (Vet. App. Nov. 3, 2017). We dismiss.

I

While on active duty in military service in 1995, Mr. Paalan was arrested and charged with violations of the Uniform Code of Military Justice for premeditated murder, weapons possession, and drug offenses. He pleaded guilty to all charges, and was sentenced in April 1996 by court martial to imprisonment, forfeiture of all pay and allowances and a dishonorable discharge. Effective January 17, 2006, Mr. Paalan was dishonorably discharged. He remained incarcerated until 2014.

During his incarceration, Mr. Paalan claimed that prison officials violated his rights by denying him medical care in 1997. His claim was rejected by the United States Court of Appeals for the Tenth Circuit on the ground that he remained on active duty at the time of his alleged denial of medical care. Because established law precludes active duty servicemen from suing for injuries arising out of service, *see Feres v. United States*, 340 U.S. 135, 146 (1950), the Tenth Circuit rejected Mr. Paalan's claim. In holding that Mr. Paalan remained on active duty at the time of his alleged injury, the Tenth Circuit rejected his argument that he in fact had previously been discharged from active duty and thus was no longer in active service

at the time of the alleged denial of medical care.

Also while incarcerated, Mr. Paalan brought suit in the Court of Federal Claims seeking back pay for time in 1995 and 1996. Again, he argued that he had in fact been discharged before his incarceration and had been assigned to the Naval Fleet Reserve, where he claimed back pay for the time in 1995 and 1996. The Court of Federal Claims rejected Mr. Paalan's claim on claim preclusion grounds: the Tenth Circuit had already held that Mr. Paalan was not discharged, remained in active duty and was not assigned to the Naval Fleet Reserve. His back pay claim thus was groundless. On appeal, this court affirmed the judgment of the Court of Federal Claims. *Paalan v. United States*, 120 F. App'x 817 (Fed. Cir. 2005)

## II

After his dishonorable discharge in 2006, Mr. Paalan sought veterans' benefits. His claims were denied by the regional office, the Board of Veterans' Appeals and the Court of Appeals for Veterans Claims. The denials were grounded on clear law that Mr. Paalan does not contest. A discharge by reason of a sentence of a general court-martial bars all veterans' rights of such a discharged person for the period of service covered by the dishonorable discharge. 38 U.S.C. § 5303; 38 C.F.R. § 3.12. The period of service for which Mr. Paalan was dishonorably discharged is from March of 1989 to January of 2006, the same period of time for which Mr. Paalan sought veterans' benefits.

## III

On appeal, Mr. Paalan again would like to establish that he in fact was discharged before his incarceration, and hence that he was not dishonorably discharged as a result of this court martial conviction. As noted and held by the Board of Veterans' Appeals and the Court of Ap-

peals for Veterans Claims, Mr. Paalan has twice lost that argument, and he is precluded from undermining the validity of his January 17, 2006 dishonorable discharge. Even were he not so precluded, the facts demonstrate that he was not discharged prior to incarceration, and his January 17, 2006 dishonorable discharge is valid.

## IV

The jurisdiction of this court to review final judgments of the Court of Appeals for Veterans Claims is restricted. 38 U.S.C. §§ 7292(a), 7292(d)(2). Absent a plausible constitutional challenge, there being nonesuch here, we are barred from resolving factual disputes, and are restricted to issues of interpretation of law. *See Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004). In this appeal, there are no issues of law requiring interpretation, and no arguments that otherwise invoke our limited jurisdictional authority. Accordingly, we dismiss the appeal for want of jurisdiction.

## DISMISSED

### COSTS

No costs.