NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PAUL D. JOHNSON,**
*Claimant-Appellant*

**v.**

**DAT TRAN, ACTING SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1778

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-7030, Judge Joseph L. Toth.

---

Decided:  February 3, 2021

---

PAUL D. JOHNSON, Raiford, FL, pro se.

MICHAEL D. SNYDER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by JEFFREY B. CLARK, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM; AMANDA BLACKMON, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before PROST, *Chief Judge*, SCHALL and REYNA, *Circuit Judges.*

PER CURIAM.

Paul D. Johnson appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his petition for a writ of mandamus to compel the Secretary of Veteran Affairs to ascertain the nature of certain (counterfeit) checks deposited into Mr. Johnson's inmate trust fund account. *See Johnson v. Wilkie*, No. 19-7030, 2019 WL 6315416 (Vet. App. Nov. 26, 2019). For the reasons below, we dismiss for lack of jurisdiction.

## BACKGROUND

Mr. Johnson is a veteran who served in Vietnam in 1968. But this appeal does not involve service-connected benefits (or any benefits at all). Rather, the compensation Mr. Johnson received—which he apparently is not entitled to and did not request—consisted of counterfeit checks.

Mr. Johnson is incarcerated in Florida. In February 2018, two checks were deposited into Mr. Johnson's inmate trust fund account, in the amounts of $2,784.49 and $706.51. For each check, the account statement listed the remitter as "VA Administration." In August 2018, the Florida Department of Corrections ("FDC") informed Mr. Johnson that his checks from the "VA Administration" had been returned and determined by the Internal Revenue Service to be "counterfeit." S.A. 17–18. The FDC then placed a lien on Mr. Johnson's account in the amount of $3,491.00 (the total amount of the two February 2018 checks). S.A. 16.

Seeking to unfreeze the funds, Mr. Johnson requested a waiver of indebtedness from the Department of Veterans Affairs ("VA") in January 2019. S.A. 19–20. In May 2019, the VA informed Mr. Johnson that based on its records he "[is] not in receipt of compensation or pensions benefits." S.A. 24. The VA further explained that its "records do not reflect any monetary payment being issued to

[Mr. Johnson]" and that "[c]urrently [Mr. Johnson] ha[s] no pending claims with the VA Regional Office." *Id.*

Subsequently, in August 2019, Mr. Johnson submitted a petition to the Veterans Court for a writ of mandamus to compel the VA to "resolve the issue of the alleged Counterfeit Checks" deposited into Mr. Johnson's inmate trust fund account, remove the $3,491.00 lien placed thereon, and forgive any debt related to the counterfeit checks. The Veterans Court denied Mr. Johnson's petition for lack of jurisdiction, concluding that "[t]he information before the Court indicates that VA has nothing directly to do with this controversy." *See Johnson*, 2019 WL 6315416, at *2. The Veterans Court noted that "Mr. Johnson does not dispute the checks deposited in his inmate trust account were counterfeit and not issued by VA" and that "[Mr. Johnson's] petition never asserts that he is entitled to receive VA benefits." *Id.* at *1. The court also found that "the evidence supplied by VA confirms that [Mr. Johnson] is not [entitled to VA benefits]" and that "there are no issues involved here that could properly be the subject of an eventual Board decision." *Id.* at *1–2. Mr. Johnson appealed.

## DISCUSSION

We have limited jurisdiction to review decisions by the Veterans Court. Under 38 U.S.C. § 7292 (d)(2), except to the extent that an appeal presents a constitutional issue, we may not "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *See also Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004) ("[W]e cannot review applications of law to fact."). We have jurisdiction, however, to "decide all relevant questions of law." 38 U.S.C.

§ 7292(d)(1).  We conclude that we lack jurisdiction to review any of the issues raised by Mr. Johnson.[1]

First, Mr. Johnson argues that the VA should be considered a "party" to this controversy and that the Veterans Court erred in finding that the VA was not directly involved.  Mr. Johnson's theory appears to be that the VA is directly involved because his inmate trust fund account statement listed "VA Administration" as remitter of the checks in question.  This is perhaps the decisive issue.  But the Veterans Court's determination that the checks were counterfeit and not issued by the VA "is a factual question over which we lack jurisdiction." *Roberts v. Shinseki*, 647 F.3d 1334, 1339 n.4 (Fed. Cir. 2011).  Indeed, in his reply brief, Mr. Johnson acknowledges that his assertion that the VA remitted the checks challenges a factual determination by the Veterans Court.

Second, Mr. Johnson asserts that the VA had a duty under the United States Code and Code of Federal Regulations to report the issue of the counterfeit checks to appropriate authorities but failed to do so.  In support, Mr. Johnson cites 31 U.S.C. § 310 and 38 C.F.R. §§ 1.203–1.204.  In particular, Mr. Johnson points out that 38 C.F.R. § 1.203 states that "[i]nformation about actual or possible violations of criminal laws related to VA programs, operations, facilities, or involving VA employees . . . will be reported by VA management officials to the VA police."  But the Veterans Court found that the counterfeit checks did *not* arise from any VA program or benefit.  *Johnson*, 2019 WL 6315416, at *1.  Thus, 38 C.F.R. § 1.203 does not confer jurisdiction here.  Nor do the other statutes and regulations cited by Mr. Johnson.  The Veterans Court only applied the relevant law to the facts of the case.  Absent a constitutional issue, we do not have jurisdiction to review

---

[1]     We have also considered Mr. Johnson's "Memorandum in Lieu of Oral Argument" (ECF No. 39).

the application of law to fact. 38 U.S.C. § 7292(d)(2); *see also Conway*, 353 F.3d at 1372; *Payne v. McDonald*, 587 F. App'x 649, 651 (Fed. Cir. 2014) (explaining that we do not have jurisdiction to consider a "mere recitation of statutes and regulations contemplat[ing] a legal question[] [that] nevertheless fails to identify how the Veterans Court misconstrued the statutes and regulations or improperly decided a rule of law").

Third, Mr. Johnson requests a "remedy" from the VA or another agency to address the issue of the counterfeit checks. But the Veterans Court found that there are no issues involved here that could properly be the subject of an eventual Board decision. *Johnson*, 2019 WL 6315416, at *2. The Veterans Court further determined that it had no authority to order the VA to compel other entities to investigate the counterfeit checks under the circumstances of this case. *See id.* at *1. We do not have jurisdiction to review such application of law to fact. 38 U.S.C. § 7292(d)(2).

Fourth, Mr. Johnson requests relief under 38 U.S.C. §§ 503, 5120, and other related statutes and regulations regarding benefits administered by the VA. However, the Veterans Court found that Mr. Johnson is currently not entitled to receive VA benefits. This is a factual question over which we lack jurisdiction.

## CONCLUSION

We have considered Mr. Johnson's remaining arguments and find them unpersuasive. For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.

## **DISMISSED**

### COSTS

No costs.