NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LEON J. MODROWSKI,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-1079

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-2878, Chief Judge Margaret C. Bartley, Judge Amanda L. Meredith, Judge Coral Wong Pietsch.

---

Decided: April 8, 2021

---

LEON J. MODROWSKI, Wilmington, NC, pro se.

SARAH E. KRAMER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by ERIC P. BRUSKIN, JEFFREY B. CLARK, ROBERT EDWARD KIRSCHMAN, JR.; MEGHAN ALPHONSO, Y. KEN LEE, Office of

General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before O'MALLEY, REYNA, and STOLL, *Circuit Judges.*

PER CURIAM.

Leon J. Modrowski appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming a decision of the Board of Veterans' Appeals ("Board") denying Modrowski an annual clothing allowance for the 2017 calendar year. *See Modrowski v. Wilkie*, No. 19-2878, 2020 WL 4356866 (Vet. App. July 30, 2020). Because Modrowski raises only factual challenges, we *dismiss* for lack of jurisdiction.

## I. BACKGROUND

Modrowski served in the U.S. Army from October 1966 to August 1968. For several years, he has received disability compensation benefits for residuals of prostate cancer, status post-radical prostatectomy. As a result of the prostatectomy, Modrowski experiences urinary drainage that causes rashes and chafing on his groin and thighs. Modrowski uses various over-the-counter creams on the impacted areas. He contends that, due to the nature of his condition and the creams, he must frequently wash his clothes, causing them to wear out at a faster-than-average pace.

In July 2017, Modrowski applied for an annual clothing allowance for the 2017 calendar year pursuant to 38 C.F.R. § 3.810. In part relevant to this appeal, § 3.810 provides for an annual clothing allowance if the Under Secretary for Health or a designee certifies that "[a] veteran uses medication prescribed by a physician for one skin condition, which is due to a service-connected disability, that causes irreparable damage to the veteran's outergarments." 38 C.F.R. § 3.810(a)(1)(ii)(B). Modrowski's request was

denied by the Department of Veterans Affairs' (VA) Prosthetic and Sensory Aids Service.[1]

Modrowski appealed to the Board. In June 2018, he submitted materials indicating that he was using a combination bacitracin/polymyxin lotion. Months later, he told the Board that he had been informed that the VA viewed polymyxin as a staining lotion eligible for a clothing allowance. He thereafter submitted a letter from his physician indicating that he was a new patient and was using a combination bacitracin/polymyxin cream. The Board denied Modrowski's claim for a 2017 clothing allowance in February 2019. It found that Modrowski failed to present evidence that any physician had prescribed skin medication in 2017 for his service-connected prostate cancer residuals and concluded that Modrowski's unsubstantiated claim of using polymyxin-containing lotion in 2017 was not credible because the record evidence indicated that Modrowski used Lotrimin AF and Desitin, neither of which contain polymyxin, during that time frame. Modrowski appealed to the Veterans Court.

On July 30, 2020, the Veterans Court affirmed the Board's decision. The court began by noting, contrary to Modrowski's assertions in briefing, that the appeal related only to a clothing allowance for 2017, not to an allowance for all years since. The court then explained that Modrowski cited no evidence of a prescription for treatment of a residual of a service-connected condition and that the record did not establish that any creams used by Modrowski during the relevant time would permanently stain or damage his clothes. The court acknowledged that Modrowski attempted to challenge the contents of the record before the agency ("RBA"), but found that Modrowski had failed to

---

[1]    Modrowski's claim was initially mischaracterized as prosthesis related. The Board and Veterans Court, however, correctly treated it as medication related.

timely raise the issue. Pursuant to Veterans Court rules, an appellant must raise an RBA dispute within 14 days of the date on which the appellant is served with the RBA. U.S. Vet. App. R. 10(b). Modrowski had not filed any notice of dispute following service of the RBA on August 12, 2019 or the amended RBA on February 20, 2020.

Modrowski timely appealed to this court.

## II. ANALYSIS

Our jurisdiction to review Veterans Court decisions is limited. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We have jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). Unless an appeal presents a constitutional issue, we cannot, however, "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2); *Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004).

Modrowski contends that the Veterans Court "incorrectly interpreted 38 C.F.R. § 3.810—Clothing Allowance, specifically (a)(1)(ii)(B)." Appellant's Br. at 1. He accurately observes that, to establish entitlement under the regulation, he was required to show: (1) "a service connected disability the treatment of which requires medication"; (2) "[t]he medication [was] prescribed by a physician"; and (3) "[t]he medication . . . permanently damage[s] outerwear." *Id.* at 3 (discussing 38 C.F.R. § 3.810). He then argues that the factual record establishes that the Veterans Court erred in upholding the Board's determination that he failed to prove the required elements. He argues that evidence from 2018 and beyond confirms his use of a polymyxin-containing cream.

Modrowski's argument amounts not to a challenge to the Veterans Court's interpretation of a regulation, but to a challenge to factual determinations or the application of the regulation to the facts of this case.  The appeal thus falls outside the scope of our jurisdiction, and we must dismiss.

### III. CONCLUSION

We have considered Modrowski's remaining arguments and find them unpersuasive.  For the reasons discussed above, we *dismiss* this appeal for lack of jurisdiction.  Because this appeal is limited to the denial of a clothing allowance for the 2017 calendar year, nothing in this case precludes any right Modrowski may have to pursue clothing allowances for subsequent years.

### DISMISSED

### COSTS

No costs.