NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TIMOTHY J. DOLBIN,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETER-ANS AFFAIRS,**
*Respondent-Appellee*

---

2021-2373

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-2890, Judge Grant Jaquith, Judge Joseph L. Falvey, Jr., Judge Joseph L. Toth.

---

Decided:  April 18, 2023

---

ADAM R. LUCK, GloverLuck, LLP, Dallas, TX, for claimant-appellant.

ROBERT R. KIEPURA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY; BRIAN D. GRIFFIN, ANDREW J. STEINBERG, Office of

General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before MOORE, *Chief Judge*, LOURIE and STOLL, *Circuit Judges.*

PER CURIAM.

Timothy Dolbin appeals from a judgment of the United States Court of Appeals for Veterans Claims (Veterans Court) denying his petition for writ of mandamus and dismissing his motion for class certification as moot. *Dolbin v. McDonough*, 34 Vet. App. 334, 337 (2021) ("*Decision*"). Because Mr. Dolbin has received a Board decision, we dismiss Mr. Dolbin's appeal as moot.

## BACKGROUND

Mr. Dolbin, an Air Force veteran, filed claims for service-connected disability compensation in 2008 and 2011. Following decisions by the regional office (RO) and remands by the Board of Veterans' Appeals, Mr. Dolbin's claims were again remanded by the Board in 2017. In April 2018, the Department of Veterans Affairs (VA) offered Mr. Dolbin the opportunity to transfer his claims from the legacy appeals system to the Rapid Appeals Modernization Program (RAMP), a pilot program implemented by the VA pursuant to the Veterans Appeals Improvement and Modernization Act of 2017, Pub. L. No. 115-55, § 4(a), 131 Stat. 1105 (2017) (VAIMA). Mr. Dolbin opted to participate in RAMP and have his claims processed in the "supplemental claim" lane. J.A. 222.

In February 2019, the RO issued a decision on Mr. Dolbin's claims. Mr. Dolbin then appealed the decision to the Board and the Board docketed his appeal according to RAMP rather than his original position in the legacy appeals system. Mr. Dolbin requested that the Board advance his case on its docket under 38 U.S.C. § 5109B,

which provides that the Veterans Benefit Administration give previously remanded claims "expeditious treatment," and 38 U.S.C. § 7112, which provides that the Secretary "shall take such actions as necessary to provide for the expeditious treatment" of previously remanded claims. The Board denied Mr. Dolbin's motion, concluding that he failed to show sufficient cause to allow his appeal to be considered out of docket number order.

Mr. Dolbin filed a petition for a writ of mandamus with the Veterans Court asking the court to compel the Board to return his appeal to its original place on the docket and afford it expeditious treatment. In addition, Mr. Dolbin filed a motion for certification of a class consisting of "claimants with active appeals that have been adjudicated by the Board . . . in the Legacy appeals system and returned to the Board in the VAIMA system but have not been returned to their original place on the docket or been afforded expeditious treatment." J.A. 246–77.

On August 26, 2021, the Veterans Court issued an order denying Mr. Dolbin's mandamus petition and dismissing his class certification request as moot. *Decision*, 34 Vet. App. at 337. Mr. Dolbin now appeals. We have jurisdiction under 38 U.S.C. § 7292.

## DISCUSSION

We have limited jurisdiction to review decisions of the Veterans Court. We may not review factual findings, nor the application of law to fact unless presented with a constitutional issue. 38 U.S.C. § 7292(d)(2); *see also, e.g., Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004). Our review is limited to legal challenges regarding the "validity of any statute or regulation or any interpretation thereof[,] . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c).

On appeal, Mr. Dolbin argues that the Veterans Court erred in denying his petition for writ of mandamus and dismissing his motion for class certification. Specifically, Mr. Dolbin argues that the Veterans Court relied on incorrect statutory provisions and improperly limited the scope of 38 U.S.C. § 5109B.

We begin with Mr. Dolbin's argument that the Veterans Court improperly denied his petition for a writ of mandamus. On July 5, 2022, nearly a year after the Veterans Court's August 2021 decision, Mr. Dolbin received a Board decision on his pending claims. *See* [Title Redacted by Agency], No. 191217-54095, 2022 WL 4457787 (Bd. Vet. App. July 5, 2022) ("*Board Decision*"). The Government argues that Mr. Dolbin's petition for a writ of mandamus is now moot because the Board decision provided Mr. Dolbin with the relief he sought in his petition. Appellee's Br. 14–15. We agree.

Mr. Dolbin acknowledges that "there is no further relief that could be provided by the Court through a grant of his mandamus petition," but asserts that the case is not moot because it falls within the exception to mootness for cases that are capable of repetition yet evading review. Reply Br. 8–9. This exception "applies 'only in exceptional situations,' where (1) 'the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration,' and (2) 'there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again.'" *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 170 (2016) (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)). Mr. Dolbin has failed to demonstrate both prongs.

In particular, Mr. Dolbin has not shown that the challenged action is too short in duration to be litigated and the lengthy procedural history of his case indicates the contrary. After opting into the RAMP program and filing his appeal to the Board, he waited almost eight months to file

his motion requesting the Board to advance his case. J.A. 243–44. After the Board denied his motion, he filed his petition at the Veterans Court five months later. J.A. 10–30, 246–77. Finally, the Board issued a decision on Mr. Dolbin's case nearly a year after the Veterans Court decision, further demonstrating that the duration was not so short as to evade review. *See generally Board Decision.*

Even if the challenged action were deemed too short in duration to be litigated, Mr. Dolbin has not demonstrated a reasonable expectation that he will again be subject to the same situation. Indeed, Mr. Dolbin agrees that his subsequent appeal of the Board's July 2022 decision is "in a different procedural posture than his previous appeal," and thus, he is unlikely to be in a situation where his appeal is transferred from the legacy appeals system to RAMP following a remand. Reply Br. 9–10. Thus, Mr. Dolbin's petition for writ of mandamus is moot and the capable of repetition but evading review exception does not apply. We dismiss this portion of Mr. Dolbin's appeal as moot.

Next, we address Mr. Dolbin's argument that the Veterans Court erred in denying his motion for class certification. The Government argues that Mr. Dolbin's motion for class certification is similarly moot because Mr. Dolbin's individual claim is moot, and the Veterans Court did not consider the merits of the class certification motion. Appellee's Br. 15, 21–22.

A class action is usually moot if the named plaintiff's claim becomes moot before the class certification. *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 73 (2013) ("In the absence of any claimant's opting in, respondent's [collective action] became moot when her individual claim became moot, because she lacked any personal interest in representing others in this action."). Here, the Veterans Court dismissed Mr. Dolbin's class certification motion as moot because "Mr. Dolbin's petition [for a writ of mandamus] is . . . denied on grounds that would apply to any

member of the putative class." *Decision*, 34 Vet. App. at 337. In other words, the class was uncertified at the time that Mr. Dolbin's claim became moot. Accordingly, the July 2022 Board decision mooted both Mr. Dolbin's individual action for mandamus and the uncertified class action because Mr. Dolbin no longer had a personal interest to represent others. Mr. Dolbin nonetheless argues that an exception that allows a class action to proceed despite the named plaintiff's claim being moot applies here. Reply Br. 3–4. We disagree.

One exception is the "relation back" doctrine, which applies where other similarly situated plaintiffs will continue to be subject to challenged conduct and the claims "are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 399 (1980). While others may be subject to the same docketing procedures as Mr. Dolbin, the claims here are not inherently transitory for the same reasons that Mr. Dolbin's petition for a writ of mandamus is not too short in duration to be litigated. Accordingly, the relation back doctrine is not applicable here.

Another exception applies where a named plaintiff's individual claim becomes moot after the denial of a class certification motion. *See id.* at 404. The Supreme Court has stressed that this is a narrow exception only applying to denials on the merits. *See Genesis*, 569 U.S. at 66, 75–76 (describing mootness exception for lack of class certification to "narrowly extend[] . . . to *denials* of class certification motion"). Because the Veterans Court *dismissed* Mr. Dolbin's motion for class certification as moot based on Mr. Dolbin's individual claim, it did not reach the merits of the class certification motion and thus, this exception is not applicable here.

Because Mr. Dolbin's individual claim is moot and the above exceptions do not apply to this case, the class certification claim is also moot.  Accordingly, we dismiss this portion of Mr. Dolbin's appeal.

## CONCLUSION

For the above reasons, we dismiss Mr. Dolbin's appeal as moot.

## **DISMISSED**

### COSTS

No costs.