Citation Nr: 1702610 
Decision Date: 01/31/17 Archive Date: 02/09/17

DOCKET NO. 10-14 973 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Detroit, Michigan


THE ISSUE

Entitlement to service connection for a disability manifested by pubic hair bumps (claimed as pelvic hair bumps).


REPRESENTATION


Veteran represented by: Disabled American Veterans



ATTORNEY FOR THE BOARD

L. Bush, Associate Counsel




INTRODUCTION

The Veteran served in the U.S. Air Force from December 1986 to April 1995. She was awarded several medals including the Air Force Achievement Medal, the Air Force Commendation medal, and the Air Force Good Conduct Medal. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a rating decision for the Detroit, Michigan Regional Office (RO) of the Department of Veterans Affairs (VA). 

The Veteran did not indicate whether she wanted a hearing before a Veterans Law Judge on the VA Form 9 she submitted to perfect her appeal. In May 2015, VA sent a letter requesting clarification as to whether she wanted a Board hearing. The letter informed the Veteran that if she did not respond within 15 days of the date of the letter VA would assume that she did not want a hearing. No response was received; therefore, the Board will proceed to adjudicate the appeal. 

Based on the medical records and the Veteran's statements regarding the claimed disability, the Board has re-characterized the issue on appeal as reflected on the title page. 

In December 2015, the Board remanded the issue on appeal for additional development. As the actions specified in the remand have been completed, the matter has been properly returned to the Board for appellate consideration. See Stegall v. West, 11 Vet. App. 268 (1998). 


FINDING OF FACT

The Veteran has a current disability manifested by pubic hair bumps that began during her military service. 



CONCLUSION OF LAW

The criteria to establish service connection for a disability manifested by pubic hair bumps have been met. 38 U.S.C.A. §§ 1110, 1131 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.07, 3.09 (2016).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Preliminary Matters

The Board has thoroughly reviewed all the evidence in the claims file, and has an obligation to provide an adequate statement of reasons or bases supporting its decision. See 38 U.S.C.A. § 7104 (West 2014); Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000). While the Board must review the entire record, it need not discuss each piece of evidence. Id. The analysis below focuses on the most salient and relevant evidence and on what this evidence shows, or fails to show, on the claim. It should not be assumed that the Board has overlooked pieces of evidence that are not explicitly discussed herein. See Timberlake v. Gober, 14 Vet. App. 122 (2000). The law requires only that the Board address its reasons for rejecting evidence favorable to the claimant. Id. 

The Board must assess the credibility and weight of all evidence, including the medical evidence, to determine its probative value, accounting for evidence which it finds to be persuasive or unpersuasive, and providing reasons for rejecting any evidence favorable to the claimant. Caluza v. Brown, 7 Vet. App. 498, 506 (1995). Equal weight is not accorded to each piece of evidence contained in the record, and every item of evidence does not have the same probative value. Gilbert v. Derwinski, 1 Vet. App. 49 (1990). When all the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the claimant prevailing in either event, or whether a preponderance of the evidence is against a claim, in which case, the claim is denied. Id. 



II. Duties to Notify and Assist

As provided by the Veterans Claims Assistance Act of 2000 (VCAA), VA has duties to notify and assist a claimant in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2016).

With regard to VA's duty to assist the Veteran, the claims file contains all pertinent service treatment records (STRs), post-service treatment records, and lay statements in support of the claim. Additionally, the Veteran was afforded a VA examination in April 2016. 

Neither the Veteran nor her representative has identified, and the record does not otherwise suggest, any additional existing evidence that is necessary for a fair adjudication of this claim that has not been obtained and that is obtainable. She has received all essential notice, has had a meaningful opportunity to participate effectively in the development of this claim, and is not prejudiced by any technical notice deficiency along the way. See Conway v. Principi, 353 F.3d 1369 (Fed. Cir. 2004). VA's duties to notify and assist her with the claim have been satisfied. Therefore, the Veteran will not be prejudiced as a result of the Board proceeding to the merits of the claim.

III. Service Connection Claim

a. Pertinent Laws and Regulations

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 3 8 U.S.C.A. § 1110; 38 C.F.R. § 3.303(a) (2016). Generally, service connection for a disability requires evidence of: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred in or aggravated by service. See Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004); see also Caluza v. Brown, 7 Vet. App. 498 (1995). Service connection may also be granted for any disease diagnosed after discharge when the evidence establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

In its determinations, the Board must fully consider the lay assertions of record. A layperson is competent to report on the onset and continuity of his current symptomatology. See Layno v. Brown, 6 Vet. App. 465, 470 (1994) (a Veteran is competent to report on that of which he or she has personal knowledge). Lay evidence can also be competent and sufficient evidence of a diagnosis or to establish etiology if (1) the layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Davidson v. Shinseki, 581 F.3d 1313, 1316 Fed. Cir. 2009); Jandreau v. Nicholson, 492 F. 3d 1372, 1376-77 (Fed. Cir. 2007). When considering whether lay evidence is competent the Board must determine, on a case by case basis, whether the Veteran's particular disability is the type of disability for which lay evidence may be competent. Kahana v. Shinseki, 24 Vet. App. 428 (2011); see also Jandreau v. Nicholson, 492 F.3d 1372, 1376-77.

b. Analysis

The Veteran maintains that she has chronic, painful pubic hair bumps that should be service-connected. 

The Veteran's enlistment examination is silent regarding any report of pelvic hair bumps. See Veteran's August 1986 Enlistment Examination. While in service, the Veteran went in for emergency care for pain around her vaginal area. She was treated for lesions and diagnosed with furuncle of the left labia. See June 1987 STR. She was later treated three more times for painful ingrown hair follicles, diagnosed as folliculitis. See February 1988, May 1989, and February 1992 STRs. The Veteran did not receive an exit examination when she left the military in April 1995. 

Post-service, the Veteran reported having painful pubic hair bumps that recur at least twice a month. She stated that while this is a chronic problem, she cannot afford to miss work and go to the hospital every time she has a bump. She discussed that, because she cannot go to the hospital for this condition frequently, she self-manages her condition by using pain medication. See September 2009 Notice of Disagreement. 

Medical treatment records from both VA and private medical facilities show that the Veteran has had extensive treatment for gynecological issues. However, these records do not contain a current diagnosis of furuncle or folliculitis as seen in service, nor do they contain a diagnosis of any current disability related to pelvic hair bumps. 

In compliance with the Board's remand directives, the Veteran was provided a VA Examination in April 2016. The examiner reviewed all pertinent treatment records, took a medical history, and attempted to perform a physical examination of the Veteran. During the medical history interview, the Veteran reported that she will periodically get hair bumps, but denied having problems recently (near the date of the examination). She denied having any surgery, drainage, or treatment and stated that she self-manages them by applying heat. The examiner attempted to physically examine the Veteran but she refused the physical portion of the exam, stating that she did not presently have any hair bumps. The examiner found that the Veteran did not have a diagnosis or a condition. Her gynecological/skin exam showed no bumps or cysts. See April 2016 VA Examination. 

The Veteran's STRs show that she had multiple instances of painful pubic hair bumps while in service. She was not examined upon exiting the military; therefore, she was unable to report this issue on her separation documents.

The Veteran's post-service VA and private medical records as well as her April 2016 VA Examination are all competent and credible. None of these records provide a diagnosis of a disability; however, the Board finds that these records are not the most probative regarding whether the Veteran has a current disability and should be afforded little weight. The nature of the claimed disability is one that would be difficult to observe during a scheduled physical examination as it flares up unpredictably. 

As previously mentioned, the Veteran, as a lay person, may be competent on a variety of matters concerning the cause and nature of disability. Jandreau v. Shinseki, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007). Moreover, she is without a doubt competent to report that she develops pubic hair bumps once or twice a month, as such symptoms come to her through her senses and, as such, require only personal knowledge rather than medical expertise. See Layno v. Brown, 6 Vet. App. 465, 470 (1994). See also Buchanan v. Nicholson, 451 F.3d 1331, 1337 (Fed. Cir. 2006) (lay evidence-as, for example, the Veteran's contentions in the present case-does not lack credibility simply because it is unaccompanied by contemporaneous medical evidence). The Board also finds that the Veteran is credible as her statements regarding her disability have been consistent, including her statements regarding its onset during service and her uncomfortable monthly experiences. In this case, the Board finds that the Veteran's competent, credible lay testimony, coupled with her in-service STRs, outweighs the aforementioned medical evidence and provides sufficient support for the present claim. 

Given that the Veteran competently and credibly contends she has experienced these painful pubic hair bumps regularly since their onset in service, the evidence tends to show that the Veteran's current condition is at least as likely as not the same condition that caused her complaints in service. Although a lay person (including a lay adjudicator) is not always competent to relate past symptoms to a current diagnosis, in this case it is within the competence of the lay veteran and the lay adjudicator to reach that conclusion based upon the overall factual picture including the length of time and the observable nature of the symptoms. See Kahana v. Shinseki, 24 Vet. App. 428, 438 (2011) (Lance, J., concurring) (noting that "any given medical issue is either simple enough to be within the realm of common knowledge for lay claimants and adjudicators or complex enough to require an expert opinion").
 
As the Veteran is competent to describe her in-service symptoms and continued symptomatology, and her assertions are credible, the benefit-of-the-doubt rule applies and service connection is warranted. See 38 U.S.C.A. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).
ORDER

Service connection for a disability manifested as pubic hair bumps is granted. 




____________________________________________
Bradley W. Hennings
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs