NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JERRY C. HULSEY,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2014-7112

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-642, Judge Coral Wong Pietsch.

---

Decided: August 12, 2015

---

JERRY C. HULSEY, Talisay City, Philippines, pro se.

DOUGLAS GLENN EDELSCHICK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., STEVEN J. GILLINGHAM; TRACEY PARKER WARREN, DAVID J. BARRANS, CHRISTINA LYNN GREGG, Office of General

Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before PROST, *Chief Judge,* LOURIE and LINN, *Circuit Judges.*

PER CURIAM.

Jerry C. Hulsey ("Hulsey") appeals from the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the decision of the Board of Veterans' Appeals ("Board") that denied entitlement to an effective date prior to December 26, 1996, for service connection for bronchial asthma with chronic bronchitis and bronchiectasis and sinusitis. *See Hulsey v. McDonald*, No. 11-642, 2013 WL 5422976 (Vet. App. Sept. 30, 2013) ("*Opinion*"). Because Hulsey's arguments challenge only factual findings and an application of law to fact, we dismiss for lack of jurisdiction.

## BACKGROUND

Hulsey served on active duty in the Marines from April to December 1969. In January 1970, Hulsey filed a claim for Department of Veterans Affairs ("VA") benefits for chronic bronchitis with left lower lobe pneumonitis and an ear condition. In May 1970, a VA Regional Office ("RO") granted entitlement to VA benefits for chronic bronchitis with left lower lobe pneumonitis and assigned a 30 percent disability rating, effective December 2, 1969. The RO also granted entitlement to VA benefits for sinusitis and assigned a noncompensable rating, effective December 2, 1969. The RO informed Hulsey of its decision in a letter in June 1970, but Hulsey did not file a Notice of Disagreement.

That same month, Hulsey filed another claim for benefits for chronic bronchitis, and the VA requested that Hulsey undergo an examination. In December 1970, the

VA received a medical report from a private physician noting that Hulsey's lungs were clear. In January 1971, Hulsey underwent a VA medical examination wherein he reported experiencing a cough and shortness of breath. In March 1971, the RO informed Hulsey that the new medical evidence did not establish entitlement to a disability rating in excess of 30 percent for chronic bronchitis with left lower lobe pneumonitis. Hulsey did not file a Notice of Disagreement in response to the March 1971 decision.

In December 1996, Hulsey request an increased disability rating for his service-connected "lung condition." *Id.* at *2. The RO denied entitlement to increased ratings for chronic bronchitis and sinusitis in November 1997, and Hulsey appealed from the denial.

In January 2001, Hulsey underwent a VA examination of his nose, sinus, larynx, and pharynx, and later that year, the RO granted a 100 percent disability rating for bronchial asthma with chronic bronchitis and bronchiectasis, effective December 26, 1996. Hulsey filed a Notice of Disagreement as to the effective date and again appealed to the Board.

In July 2004, the RO increased Hulsey's disability rating for sinusitis to 30 percent, effective December 26, 1996. Hulsey again appealed the effective date to the Board, which remanded the case to obtain additional records after 1970.

In October 2009, the Board denied entitlement to effective dates prior to December 26, 1996, for a 100 percent disability rating for bronchial asthma with chronic bronchitis and bronchiectasis and for a 30 percent disability rating for sinusitis. The Board found that Hulsey raised several contentions regarding clear and unmistakable error ("CUE") in the 1970 and 1971 RO decisions, but the Board found that those issues had not been adjudicated by the RO and were not properly before the Board. The Board then noted that Hulsey had failed to appeal the

1970 and 1971 RO decisions and found that those decisions had become final. The Board concluded that December 26, 1996, was the earliest effective date for his increased ratings.

Hulsey then appealed to the Veterans Court, arguing that the 1970 and 1971 RO decisions contain CUE and were not final decisions. In a single-judge decision, the Veterans Court affirmed the Board decision. *Id.* at *1. The court first noted that Hulsey made numerous arguments concerning claims for benefits for a foot condition and an acquired psychiatric disorder, but the court concluded that those matters were not before the court. *Id.* at *3. The court then found that Hulsey's CUE arguments were being raised for the first time on appeal, and as a result, the court did not have jurisdiction to consider Hulsey's new allegations of CUE. *Id.* With respect to the finality of the 1970 and 1971 RO decisions, the court found that Hulsey, by his own admission, had failed to file Notices of Disagreement, and those decisions had become final. *Id.* The court noted that Hulsey's finality arguments were "an attempt to collaterally attack" the 1970 and 1971 decisions, and the court repeated that it would not consider challenges to those decisions on the basis of CUE. *Id.* at *4.

In February 2014, Hulsey sought panel review of the single-judge decision, and the panel granted Hulsey's motion and adopted the single-judge decision as the decision of the panel. *See Hulsey v. McDonald*, No. 11-642, 2014 WL 718555 (Vet. App. Feb. 26, 2014). The Veterans Court later denied Hulsey's subsequent motion for reconsideration by the panel and his motion for review by the full Veterans Court. *See Hulsey v. McDonald*, No. 11-642, 2014 WL 2112044 (Vet. App. May 16, 2014).

Hulsey then appealed to this court seeking to invoke our jurisdiction under 38 U.S.C. § 7292.

DISCUSSION

The scope of our review in an appeal from a Veterans Court decision is limited. We may review a Veterans Court decision with respect to the validity of a decision on a rule of law or the validity or interpretation of any statute or regulation that was relied upon by the Veterans Court in making the decision. 38 U.S.C. § 7292(a). We may also review a Veterans Court decision with respect to legal questions raised in an appeal that challenge the Veterans Court's denial of a petition for a writ of mandamus. *Lamb v. Principi*, 284 F.3d 1378, 1381–82 (Fed. Cir. 2002). Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Hulsey challenges (1) the correctness of the 1996 effective date for his VA benefits; (2) the Veterans Court's determination that the 1970 and 1971 RO decisions had become final; and (3) the Veterans Court's conclusion that certain claims were not before the Veterans Court. However, those arguments challenge only the Veterans Court's fact-finding and application of law to the facts of Hulsey's case, which are matters outside of our jurisdiction. *See id.*; s*ee also Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004) ("[W]hile we can review questions of law, we cannot review applications of law to fact."). Here, the Veterans Court decision did not involve any questions regarding the validity or interpretation of a statute or regulation. Rather, the Veterans Court merely applied established law to the facts of Hulsey's case. *See Opinion*, at *3–5.

Hulsey further alleges constitutional violations in his brief, including challenging the Veterans Court procedures for panel review and motions for reconsideration. Appellant's Br. 8, 48–51. However, the Veterans Court did not address any constitutional issues in its decision,

and Hulsey fails to cite any substantive legal or constitutional provisions. Without an explanation providing an adequate basis for Hulsey's claims, they are constitutional claims in name only and thus outside of our jurisdiction. *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (Characterization of an appeal as "constitutional in nature does not confer upon us jurisdiction that we otherwise lack.").

We have considered the additional arguments presented in Hulsey's appeal brief but do not find them persuasive. Hulsey raises neither a substantial constitutional issue nor other legal question. For the foregoing reasons, the appeal is dismissed for lack of jurisdiction.

## DISMISSED

### COSTS

No costs.