NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JERRY C. HULSEY,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1153

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-1550, Senior Judge William P. Greene, Jr.

---

Decided:  January 22, 2024

---

JERRY COPELAND HULSEY, I, Talisay City, Cebu, Philippines, pro se.

BRYAN MICHAEL BYRD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, PATRICIA M. MCCARTHY; AMANDA BLACKMON, Y. KEN LEE, Office of

General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before MOORE, *Chief Judge*, PROST and TARANTO, *Circuit Judges*.

PER CURIAM.

Jerry C. Hulsey appeals a decision of the Court of Appeals for Veterans Claims ("Veterans Court") that affirmed in part and vacated in part a decision of the Board of Veterans' Appeals ("Board"). Because we lack jurisdiction, we dismiss.

## BACKGROUND

Mr. Hulsey served on active duty in the U.S. Marine Corps from April to December 1969. In January 1970, he sought service connection for chronic bronchitis and for feet and ankle conditions. In May 1970, the Department of Veterans Affairs ("VA") regional office ("RO") awarded him a 30% disability rating for bronchitis, effective December 1969, but denied service connection for his feet and ankle conditions. S.A. 2.[1] Mr. Hulsey submitted additional evidence in support of both claims. In March 1971, the RO determined that neither a higher disability rating for chronic bronchitis nor service connection for feet and ankle conditions was warranted. Mr. Hulsey did not appeal this decision. S.A. 2.

In December 1996, Mr. Hulsey sought an increased disability rating for chronic bronchitis and sought to reopen his service-connection claim for a foot condition. S.A. 2. The RO denied those claims in November 1997.

————————————

[1] "S.A." refers to the supplemental appendix submitted with the government's brief.

In February 1999, Mr. Hulsey submitted a claim for service connection for several conditions. S.A. 2. In December 2001, a VA hearing officer denied claims relating to feet and ankle conditions, reasoning that because Mr. Hulsey had not appealed the March 1971 denial of his claim within one year, the May 1970 rating became a final decision and "new and material evidence had not been submitted sufficient to reopen his claim." S.A. 2–3. Regarding Mr. Hulsey's bronchitis claim, the hearing officer increased his disability rating from 30% to 100%, effective December 1996.[2] S.A. 3.

In December 2010, the VA notified Mr. Hulsey that it was working to address some of his claims related to the rating decisions of 1970, 1971, and 1997, among other issues. In December 2011, the VA determined there had been clear and unmistakable error ("CUE") in the December 2001 hearing officer's decision that had increased his disability rating to 100%. S.A. 3. Due to that error, the VA reduced Mr. Hulsey's bronchitis disability rating from 100% to 60%. S.A. 3. In addition, the VA granted a total disability based on individual unemployability ("TDIU") rating, effective December 1996. S.A. 3. The VA also granted service connection on a secondary basis for degenerative changes, bilateral ankles, at 10%, effective February 1999. S.A. 3.

Mr. Hulsey appealed the December 2011 decision to the Board. In February 2016, the Board denied his appeal. S.A. 135–51. As relevant here, the Board upheld the reduction of Mr. Hulsey's disability rating for bronchitis from 100 to 60% due to CUE in the December 2001 rating decision. S.A. 141–45. Regarding the service-connected

---

[2]    Mr. Hulsey's effort to seek an earlier effective date for his bronchitis disability rating was previously before this court. We dismissed his appeal for lack of jurisdiction. *Hulsey v. McDonald*, 625 F. App'x 546 (Fed. Cir. 2015).

condition of degenerative changes, right and left ankles, the Board determined that Mr. Hulsey was not entitled to an effective date earlier than February 1999. S.A. 141. For his TDIU claim, the Board concluded that Mr. Hulsey did not meet requirements to establish a TDIU prior to December 1996, because he had worked full time on his father's farm and had been on his father's payroll until 1997. S.A. 146–48. Mr. Hulsey appealed to the Veterans Court.

In September 2021, the Veterans Court affirmed in part and vacated in part the Board's decision. S.A. 1–10. The court affirmed the December 2011 reduction in Mr. Hulsey's disability rating, reasoning that although he had argued that 38 C.F.R. § 3.951(b) required reversal of the reduction in rating, that regulation was inapplicable to the facts of his case. S.A. 8. The court vacated and remanded to the Board regarding the bilateral ankle condition, concluding that "the Board provided an inadequate statement of reasons or bases for its determination that February 10, 1999, was the appropriate effective date for the grant of service connection." S.A. 5. The court also found a remand warranted relative to TDIU "for the Board to readjudicate Mr. Hulsey's entitlement to extraschedular TDIU, prior to December 1996," finding that the Board's "statement of reasons or bases is insufficient for judicial review." S.A. 7. The court noted that although Mr. Hulsey had been employed on his father's farm, the Board had not considered whether his employment was substantially gainful or more than marginal. S.A. 7.

Mr. Hulsey filed a motion for reconsideration or, in the alternative, a panel decision. S.A. 78–99. The court denied his motion for reconsideration and adopted the single-judge order as the decision of the court, additionally denying full-court review. S.A. 100–101, 123. Mr. Hulsey appeals.

## DISCUSSION

This court has limited jurisdiction to review Veterans Court decisions. We have "jurisdiction to review and decide

any challenge to the validity of any statute or regulation or any interpretation thereof . . . , and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). We lack jurisdiction to review "a challenge to a factual determination," or "a challenge to a law or regulation as applied to the facts of a particular case," unless presented with a constitutional issue. *Id.* § 7292(d)(2).

Although he makes several arguments, Mr. Hulsey presents two main issues on appeal. We lack jurisdiction over each issue.

First, Mr. Hulsey disputes the finality of the 1970 and 1971 rating decisions and the medical evidence on which the VA relied. For example, he raises issues with the adequacy of a January 1971 medical examination report, Appellant's Br. 31–37, and disputes whether he presented new and material evidence about his conditions to the VA within one year of the 1970 rating decision, *id.* at 37–49. Because these are factual contentions, we are unable to consider these arguments.[3] 38 U.S.C. § 7292(d)(2).

In support of this argument, Mr. Hulsey asserts 38 C.F.R. § 3.951(b). The Veterans Court determined, however, that Mr. Hulsey's bronchitis "has not been continuously rated at 100% for 20 or more years," so "the potential applicability of § 3.951(b) was not reasonably raised by the record." S.A. 8. For that reason, the Veterans Court held that "the Board did not err by not addressing [§ 3.951(b)]." S.A. 8. Because the Veterans Court did not interpret that regulation in its decision and at most applied the

---

[3]    Notably, the Veterans Court previously considered and rejected these arguments. *See Hulsey v. Shinseki*, No. 11-642, 2013 WL 5422976, at *3–5 (Vet. App. Sept. 30, 2013) (as amended).

regulation to the facts of Mr. Hulsey's case, we lack jurisdiction over this issue. 38 U.S.C. § 7292(d)(2).

Second, Mr. Hulsey makes a constitutional due process argument. Appellant's Br. 53–68. Mr. Hulsey asserts, as he did before the Veterans Court, that the VA unlawfully withheld or unreasonably delayed issuing statements of the case in response to several of his notices of disagreement, resulting in due process violations. *Id.* at 53–68; *see* S.A. 40–41 (first citing *Cushman v. Shinseki*, 576 F.3d 1290, 1300 (Fed. Cir. 2009); and then citing 38 C.F.R. § 20.1000). Mr. Hulsey also argues the Veterans Court erred by failing to address his due process arguments. The Veterans Court recognized Mr. Hulsey's due process arguments, S.A. 4, and addressed them by holding that they were "either undeveloped or insufficient to demonstrate prejudicial error in the decision on appeal," S.A. 9. Regarding Mr. Hulsey's argument that the Veterans Court erred in finding no prejudicial error in the Board's decision, we lack jurisdiction to review such a factual finding. *Conway v. Principi*, 353 F.3d 1369, 1375 (Fed. Cir. 2004) (explaining that the effect of the rule of prejudicial error for a given case is beyond our jurisdiction).

CONCLUSION

We have considered Mr. Hulsey's remaining arguments and find them unpersuasive. Because his appeal does not raise issues within this court's limited jurisdiction, we dismiss.

**DISMISSED**

COSTS

No costs.